## NICOT, DEMANDANTE Y APELADO, *v.* VALDECILLA ET AL., DEMANDADOS Y APELANTES.

### APELACIÓN procedente de la Corte de Distrito de Ponce en incidente sobre memorándum de costas.

No. 2438.—Resuelto en mayo 31, 1921.

HONORARIOS DE ABOGADOS—MEMORÁNDUM DE COSTAS—RES JUDICATA.—La cuestion de que la apelación contra la sentencia dictada por la corte de distrito versara sobre la jurisdicción de dicha corte por no exceder de $500 la cuantía de la reclamación, no puede levantarse con éxito para objetar la concesión de honorarios del abogado del demandante cuando dicha cuestión había sido resuelta negativamente en apelación, por lo que adquirió el carácter de *res judicata*. Además, el artículo 327 del Código de Enjuiciamiento Civil quedó enmendado por la Ley No. 38 de 12 de abril de 1917, excluyendo el requisito antes exigido de que para que se concedieran honorarios a una parte en un pleito o procedimiento era necesario que la materia litigiosa excediera de $500.

ID.—ID.—APRECIACIÓN DEL VALOR DE SERVICIOS DE ABOGADO.—No puede concluirse que la corte de distrito erró al conceder honorarios y fijar su cuantía sin que el demandante presentara evidencia alguna para justificarlos, cuando la transcripción demuestra que la corte tuvo a su consideración el record del caso con todos los elementos necesarios para apreciar el trabajo profesional del abogado en la corte inferior.

HONORARIOS DE ABOGADO ANTE LA CORTE SUPREMA—JURISDICCIÓN.—Las cortes de distrito carecen de jurisdicción para conceder honorarios de abogado cobrados por medio de memorándum de costas por servicios profesionales llevados a cabo ante el Tribunal Supremo con motivo de una apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Tous Soto.*

Abogado del apelado: *Sr. R. Martínez Nadal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito de Ponce por Rafael Nicot contra Ramón Valdecilla y Eduardo Rivera de León, sobre cumplimiento de convenio de deslinde

y pago de daños y perjuicios, dicha corte dictó sentencia en 3 de febrero de 1919 a favor del demandante y en contra de los demandados condenando a éstos en gastos, desembolsos y honorarios de abogado del demandante, cuya sentencia fué confirmada por esta Corte Suprema en grado de apelación por la suya de 3 de junio de 1920.

El día 12 del citado junio la parte demandante presentó a la corte de distrito un *memorandum* jurado por su abogado, R. Martínez Nadal, de costas y desembolsos, que comprendía distintas partidas ascendentes a $532.60, entre las cuales figuraba una de $500 en concepto de honorarios del abogado R. Martínez Nadal por estudio, demanda, vista y alegato ante la corte inferior, estudio de la apelación y alegato ante la Corte Suprema.

La parte demandada impugnó la cuantía de los honorarios de abogado porque dada la simplicidad de la evidencia, el tiempo invertido en el juicio, la naturaleza del caso y la exigua cuantía de lo que estaba envuelto en la controversia, la cantidad de $500 era excesiva a todas luces por representar más del doble de la cuantía litigiosa. A esa impugnación contestó el demandante que nada tenía que ver la exigua cuantía de la reclamación litigiosa para la imposición de honorarios y que la corte debía tener en cuenta la temeridad del litigante, que el caso requirió estudio para establecer la demanda, que los demandados son personas adineradas, que el pleito fué visto en la corte de distrito consumiendo una sesión de dicha corte, que hubo que hacer alegatos ante la misma y estudiar y discutir la exposición del caso y presentar alegatos ante esta Corte Suprema, y que los honorarios reclamados representaban una cantidad justa y razonable. La corte por orden de 22 de julio de 1920, fijó los honorarios del abogado Rafael Martínez Nadal, por estudio, demanda, vista en la corte inferior, alegato, estudio de la apelación y alegato ante la Corte Suprema en la suma

de $300 quedando por tanto reducido el *memorandum* de costas y desembolsos a la cantidad de $332.60.

La anterior orden ha sido apelada por los demandados y se alegan como motivos del recurso:

1°. Que la Corte de Distrito cometió error al conceder honorarios de abogado en un caso de cuantía inferior a $500;

2°. Que también erró la corte al conceder honorarios y fijar su cuantía, sin que el demandante presentara evidencia alguna para justificarla.

En cuanto al primer error la misma parte apelante alega que la apelación contra la sentencia dictada en el juicio versó sobre la jurisdicción de la corte de distrito por no exceder de $500 la cuantía de la reclamación, cuya cuestión, aunque resuelta en sentido contrario, puede levantarse en cualquier momento y por tanto como oposición a la concesión de honorarios por afectar a la jurisdicción de la corte. Si esa cuestión jurisdiccional ha sido ya resuelta por esta Corte Suprema al decidir el caso en grado de apelación, no puede levantarse de nuevo por impedirlo la *res judicata.* Es cosa ya resuelta que la cuantía de la cosa litigiosa excede de $500. Pero aunque así no fuera, la alegación de la parte apelante carece de fuerza legal alguna toda vez que el artículo 327 del Código de Enjuiciamiento Civil quedó enmendado por la Ley No. 38 de 12 de abril de 1917, excluyendo el requisito antes exigido de que para que se concedieran honorarios a una parte en un pleito o procedimiento era necesario que la materia litigiosa excediera de $500.

El segundo error alegado tampoco existe, pues la corte que dictó la orden recurrida tuvo a su consideración el record del caso con todos los elementos necesarios para apreciar el trabajo profesional del abogado del demandante y fijar la cuantía de sus honorarios.

Pero hay otra cuestión que no ha sido levantada por la parte apelante y que esta Corte Suprema puede levantar de oficio por afectar a la jurisdicción de la corte inferior, y esa

cuestión es la de haberse fijado los honorarios del abogado teniendo en cuenta el estudio de la apelación y el alegato ante la Corte Suprema además del trabajo profesional del abogado en la corte inferior.

Opinamos que la Corte de Distrito de Ponce carecía de jurisdicción para apreciar trabajos profesionales prestados ante esta Corte Suprema y considerar esos trabajos conjuntamente con los prestados en la corte inferior para fijar los honorarios de que se trata.

Con arreglo al artículo 339 del Código de Enjuiciamiento Civil, enmendado según la ley de 12 de marzo de 1909, un memorándum de costas y desembolsos sólo podía comprender los honorarios de abogado en la corte de distrito y no los devengados en la Corte Suprema. Y la razón es obvia, pues al presentarse el memorándum no había honorarios devengados en la Corte Suprema. El artículo 339, enmendado del Código de Enjuiciamiento Civil, quedó enmendado por la Ley No. 15 de 19 de noviembre de 1917, pero esa enmienda nada contiene que permita la inclusión de honorarios devengados en la Corte Suprema, como lo revela su simple lectura.

La corte inferior no conocía los trabajos profesionales del abogado Martínez Nadal en esta Corte Suprema, y el artículo 8º. del Código de Enjuiciamiento Civil, prohibe a esta corte conceder honorarios a ningún funcionario por sus servicios.

Siendo ello así, tenemos que llegar a la conclusión de que la Corte de Distrito de Ponce carecía de jurisdicción para incluir en la partida de honorarios del abogado Rafael Martínez Nadal, trabajos profesionales prestados por dicho Letrado en esta Corte Suprema, a cuyo pago no había sido condenado, no pudiendo precisarse por tanto cuáles sean en sentir de la corte inferior los honorarios devengados ante dicha corte por el mencionado Letrado.

Es de revocarse la orden apelada en la parte que ha sido materia del recurso y devolverse el caso a la corte inferior

para que fije la cuantía de los honorarios devengados ante la misma por el abogado Rafael Martínez Nadal, haciendo caso omiso de sus trabajos profesionales en esta Corte Suprema.

> *Revocada la orden apelada en la parte recurrida y devuelto el caso a la corte inferior para que fije la cuantía de los honorarios, haciendo omisión de los trabajos profesionales en esta corte.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.