LORENZO J. DÁVILA, peticionario, *v.* HON. ANGEL ACOSTA QUINTERO, JUEZ DE LA CORTE DE DISTRITO DE PONCE, demandado.

No. 604.—*Visto:* Marzo 26, 1928. *Resuelto:* Mayo 4, 1928.

*Arjona & Arjona,* abogados del peticionario; *V. Zayas Pizarro* abogado del opositor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En subasta en un procedimiento ejecutivo hipotecario, Lorenzo J. Dávila adquirió por remate, una finca rústica que fué objeto del procedimiento, entregándosele por el márshal de la Corte de Distrito de Ponce, ante la cual se había seguido el ejecutivo, la correspondiente escritura; y como los ejecutados no abandonaban la referida finca, Dávila siguió contra ellos un procedimiento en desahucio, en el que recayó sentencia de la Corte de Distrito de Ponce, declarando el desahucio con lugar; y apelada tal sentencia este Tribunal Supremo la modificó, declarando que el demandante debía reconocer a la demandada su derecho de *homestead* sobre la finca rematada, y decretando que si las partes no podían ponerse de acuerdo en cuanto a la fijación de tal *homestead,* acudieran a la Corte de Distrito de Ponce para resolver el conflicto.

Del *return* en este caso aparece que las partes, Lorenzo

J. Dávila, y Antonio Sotomayor y Gerónima Pizarro, en 4 de octubre de 1926 presentaron ante la corte de distrito una moción, de acuerdo, nombrando cada parte sus peritos para la valoración de la casa y terreno que habían de constituir el *homestead,* comprometiéndose a otorgar la escritura de trasmisión. Tal estipulación fué aprobada por la corte.

Después, en fecha 27 de octubre de 1926, el demandante Dávila, presentó a la corte una impugnación a la orden de arbitraje, fundándose en que nunca tuvo conocimiento de que la corte hubiera aprobado la estipulación nombrando árbitros, y por eso no notificó al suyo: en que los árbitros no fueron notificados por funcionario alguno, y sí sólo por el demandado, y procedieron a su arbitraje, en ausencia del demandante, e indebidamente, y en exceso de su comisión, porque apartaron una parcela de terreno de siete cuerdas y una casa de la finca para homestead y que el resultado del arbitraje lesiona los derechos del demandante porque la casa vale $500 y las cuerdas de terreno a razón de $60 cada una.

En la misma fecha, 27 de octubre de 1926, la parte demandada pidió a la corte por moción, que se aprobara la valoración hecha por los árbitros y se otorgara la escritura de trasmisión.

Oídas por la corte las mociones dictó resolución en fecha 22 de noviembre de 1926, declarando sin lugar la impugnación del arbitraje, y confirmando el informe, y ordenando el otorgamiento de la escritura de trasmisión, y que en caso de negarse el demandante a hacerlo, se hiciera por el márshal de la corte de distrito, y en este caso, con costas, gastos y honorarios de abogado, al demandante. Este apeló de tal resolución ante este Tribunal Supremo, que en fecha 18 de mayo de 1927 confirmó la resolución apelada.

En 7 de junio de 1927, la parte demandada presentó moción haciendo constar el fallecimiento de doña Gerónima Pizarro, y su sucesión por sus hijos, y pidiendo que se susti-

tuya el nombre de Gerónima Pizarro con el de dichos hijos; cuya moción se declaró con lugar por la corte.

En 10 de junio de 1927, el demandante presentó moción pidiendo que se declarara extinguido el *homestead*, fundándose en que los hijos y herederos de Gerónima Pizarro son mayores de 21 años, y no tiene derecho al beneficio de *homestead*.

En 13 de junio, 1927, la parte demandada, pidió a la corte, por moción, que se cumplieran las sentencias dictadas en el caso, y que, por no haber otorgado la escritura el demandante, se dictara la orden para que el márshal ejecutara tales sentencias: y a este efecto se dictó por la corte una resolución de fecha 13 de dicho mes y año, ordenando se librara el mandamiento para ejecución por el márshal en caso de que el demandante se negara al ser requerido.

En 8 de junio de 1927, la parte demandada presentó su memorándum de costas, por $3 de indemnización a testigos, y $200 para honorarios de abogado. En 13 de los mismos mes y año, el demandante presentó moción oponiéndose a tal memorándum, alegando que él no viene obligado al pago de costas; que la suma fijada por honorarios de abogado es excesiva e impropia, por no representar el valor de servicios cobrables; que la de $3 para testigos es impropia y no exigible al demandante: y que la corte carece de jurisdicción para entender en el memorándum, y aprobarlo.

En la misma fecha, 13 de junio, presentó el demandante otra moción pidiendo se reconsiderara la orden de ejecución de sentencia.

La parte demandada se opuso a la moción de terminación del *homestead*.

En 16 de junio de 1926 fué notificado el demandante Dávila, por el secretario de la corte para otorgar la escritura de trasmisión de la finca señalada como *homestead,* y de que se había designado al notario, Sr. Teissoniere, y como fecha

el 17 de junio a las dos de la tarde. No acudió el deman-
dante a la notaría para otorgar la escritura; y el márshal,
en 18 de junio de 1927 otorgó la escritura.

Por lo que aparece del *return*, la vista de la moción sobre
el memorándum de costas tuvo lugar el 9 de enero de 1928;
y en 13 del mismo mes la corte resolvió declarando con lugar
el memorándum presentado, siendo notificadas las partes de
esa resolución el mismo día 13 de enero. La parte deman-
dada presentó moción para que el demandante consignara
el importe de las costas; y el demandante fué notificado al
efecto, con apercibimiento de que, de no hacer la consigna-
ción, se libraría orden de ejecución por el importe de aquéllas.
En 1 de marzo, de 1928 la demandada pidió mandamiento de
ejecución, que se libró, y el márshal, por virtud del mismo
embargó bienes del demandante, un solar, y más tarde en
depósito, a nombre del demandante, en el Royal Bank of
Canada, sucursal en Ponce, una suma que parece ser de
$213.12.

Aparece asimismo que el demandante en 1 de febrero de
1928, presentó a la corte una moción pidiendo la nulidad de
las órdenes de 22 de noviembre de 1926 y 13 de enero de
1928, en que se impusieron al demandante las costas, y en
que se aprobó el memorándum; y en 3 de marzo 1928, el
mismo demandante presentó otra moción 'solicitando se sus-
pendieran los procedimientos para ejecución de la orden
sobre costas, por tener presentado el demandante un recurso
de *certiorari* ante este tribunal. Y en 7 de marzo de 1928,.
la misma parte presentó a la corte de distrito otra moción
para que se declararan nulos los procedimientos de ejecución
de las costas.

Esto es lo que aparece de los autos.

El demandante ha presentado ante este tribunal una peti-
ción de auto de *certiorari*, en fecha 25 de febrero de 1928,
alegando que la resolución de la corte de distrito de Ponce
declarando con lugar el memorándum de costas, y el reque-

rimiento hecho por el secretario de la misma para el pago de esas costas, son nulos porque la corte concedió esas costas a los demandados en un incidente sobre determinación de *homestead* que era parte del cumplimiento de una sentencia del Tribunal Supremo, en la que se modificaba otra y en ninguna de las dos se habían impuesto costas al demandante; y que envolviendo la determinación del *homestead* en valor de $500 solamente, la corte de distrito de Ponce no tenía jurisdicción para imponer honorarios de abogado, de acuerdo con el artículo 327 del Código de Enjuiciamiento Civil que sólo permite la concesión de honorarios en los casos en que la cuantía litigiosa sea mayor de $500. El recurso fué oído por este Tribunal en 26 de marzo de 1928.

■ Empezando por la última alegación del recurrente o peticionario, declaramos que, si bien en el 'Código de Enjuiciamiento Civil en el artículo 327, aparecen estas palabras:

"En todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de quinientos dollars, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios."

Este es, en parte, el texto del artículo, según quedó enmendado por la ley de 12 de marzo de 1908; pero la ley No. 38 de 1917, enmendó tal artículo que quedó redactado, en la parte pertinente, así:

"En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida una cantidad que represente el valor de los servicios de su abogado, o una parte de dicha cantidad."

Se ha decidido ya por este tribunal, que fué la intención de la Legislatura derogar las leyes que eran incompatibles con el artículo 327, tal como quedó enmendado. En la decisión en el caso *Nicot* v. *Valdecilla* et al., 29 D.P.R. 519, se dijo por este tribunal que:

". . . el artículo 327 del Código de Enjuiciamiento Civil quedó enmendado por la ley No. 38 de 12 de abril de 1917, excluyendo el requisito antes exigido de que para que se concedieran honorarios a una parte en un pleito o procedimiento era necesario que la materia litigiosa excediera de $500.00."

Hay, pues, un error de parte del peticionario al invocar, en la forma en que lo hace, el artículo 327 del Código de Enjuiciamiento Civil. Y no se trata, como el peticionario pretende, de carencia de jurisdicción por parte de la corte de distrito para conceder costas.

En cuanto al otro fundamento, el peticionario sienta una base errónea. Del récord de este caso, que constituye aquí el *return* aparece claramente que impugnado el arbitraje, por el demandante, la corte de distrito de Ponce dictó, en 22 de noviembre de 1926 una resolución declarando sin lugar la impugnación, confirmando el informe, y ordenando la trasmisión de la finca, casa y terrenos, con el otorgamiento de escritura, y en caso de que el demandante se negara a hacerlo, se hiciera por el márshal, y en este caso, con costas, gastos, desembolsos y honorarios de abogado al demandante. Contra esa resolución interpuso el demandante recurso de apelación: y este tribunal, en sentencia de fecha 18 de mayo de 1927, 36 D.P.R. 780, confirmó la resolución apelada. No aparece tratada en la opinión, la materia de costas; pero tampoco aparece que fuera ése uno de los errores señalados por el apelante. La resolución quedó confirmada, y no encontramos razón para sustraer ninguna parte de ella a los efectos de la confirmación.

Las resoluciones posteriores dictadas por la corte, tienen por base la declaración hecha en aquella resolución apelada y confirmada.

*La petición en este caso debe ser denegada, y anularse el auto expedido.*

El Juez Asociado Sr. Aldrey disintió.