La Sucesión de Pedro Villegas, demandante y apelante, *v.* Central Victoria, Inc. y María Fernández, demandadas y apeladas.

No. 7021.—*Sometido:* Enero 22, 1936. *Resuelto:* Enero 30, 1936.

*José Soto Rivera*, abogado de la apelante; *C. Coll Cuchí, G. Silva* y *C. Coll Cuchí, Jr.*, abogados de las apeladas.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Éste era un pleito de *injunction* para recobrar la posesión de cinco cuerdas de terreno. · La corte de distrito resolvió que los demandantes habían dejado de probar la posesión material dentro del año inmediatamente anterior a la radicación del litigio. La sentencia declarando sin lugar la demanda concedió las costas a las demandadas. La presente es la apelación de una orden aprobando el memorándum de costas.

El juez de distrito que aprobó el referido memorándum no fué el que juzgó la causa. El mismo contenía una partida de quinientos dólares por concepto de honorarios de abogado. La partida fué impugnada por excesiva. No se ofreció prueba para demostrar el valor de los servicios prestados. El juez de distrito redujo dicha suma a trescientos dólares. Las razones que tuvo para conceder esta suma se expusieron así:

"En cuanto a las partidas de honorarios de abogado, la sentencia de la Corte es terminante al decretar que se impongan las costas a los demandantes cuando absolvió de la demanda a las demandadas declarando sin lugar la demanda en todas sus partes. Ya está resuelto que el concepto costas incluye los desembolsos y también los honorarios de abogado.

"Nosotros no presidimos la vista del juicio oral, pero hemos leído la opinión del compañero juez señor Sepúlveda y por la misma nos damos cuenta de la labor realizada por los abogados en este caso. Como en todos estos pleitos de *injunction* para recobrar la posesión de bienes inmuebles, la prueba testimonial es numerosa y laborioso el trabajo del abogado.

"Tomando en consideración todas las circunstancias de este caso

estimamos que una cantidad de $300 para honorarios de abogado es justa y razonable.''

La única cuestión resuelta por el juez inferior en la relación del caso y opinión fué una de hecho. Hubo cuatro testigos de los demandantes y cinco de las demandadas. Nada hay ante nos y nada hubo ante el juez de distrito que concedió la partida de trescientos dólares para honorarios de abogado que indique que el valor de los servicios realmente prestados por los letrados de las demandadas ascendiera a tres cientos dólares. Nada hay que revele que el valor de la finca en controversia fuera siquiera trescientos dólares. De la relación del caso y opinión emitida por el juez de la corte inferior tomamos el siguiente extracto:

''Como se deja dicho la evidencia es contradictoria y la Corte después de haber examinado y comparado detenidamente toda la evidencia declara que la preponderancia de la misma está a favor de las partes demandadas y, de acuerdo con el número cinco del Artículo 162 de la Ley de Evidencia, resuelve el conflicto de la misma a favor de las partes demandadas.

''La Corte declara especialmente que no se ha probado que los demandantes hayan estado en posesión de la parcela de cinco cuerdas descritas en el hecho cuarto de la demanda, dentro del año precedente a la presentación de la demanda de este caso, la que fué radicada en mayo de 1929, ni que dichos demandantes hayan sido perturbados en la posesión y tenencia de la mencionada parcela.''

No hallamos base satisfactoria alguna para la concesión de una suma similar a trescientos dólares. Sin embargo, asumiendo para los fines de la argumentación que los servicios prestados valían razonablemente trescientos dólares, nada hay en la transcripción que tenemos a la vista ni nada hubo en la relación del caso y opinión examinada por el juez que aprobó el memorándum de costas que indique que debe obligarse a los demandantes a pagar la suma total del valor estimado de tales servicios o gran parte de la misma.

Tomando todo esto en consideración, somos del criterio de que no debieron concederse más de cien dólares.

*La resolución apelada debe ser modificada, y así modificada, confirmada.*