DR. RAFAEL U. LANGE, demandante y apelante v. ALEJANDRINA, MARÍA TRIFONA (conocida por TRINA) y SABÁS HONORÉ RIVERA, demandados y apelados.

Núm. 6997.—*Sometido:* Marzo 25, 1936. *Resuelto:* Junio 9, 1937.

*José ·Sabater,* abogado del apelante; *E. Báez García,* abogado de los apelados.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Como resultado de una seria operación, Víctor Honoré falleció el 16 de enero de 1926. Por espacio de más de 20 años con anterioridad a su muerte había llamado casi exclusivamente al Dr. Lange, aquí apelante, para que lo atendiera profesionalmente. En marzo 21, 1931, el Dr. Lange radicó una demanda en cobro del balance que él alegaba se le debía del valor razonable de los servicios prestados a Víctor Honoré, contra sus herederos. Una excepción previa fundada en que la acción había prescrito fué declarada sin lugar. Los demandados contestaron alegando pago y prescripción. La Corte de Distrito de Mayagüez finalmente dictó sentencia declarando sin lugar la demanda e imponiendo las costas al demandante.

Sucede, de acuerdo con la corte inferior, que en 23 de enero de 1928, los herederos de Honoré pagaron al demandante la cantidad de $3,800 en saldo total de su reclamación contra el padre de ellos. De suerte que si la corte tenía razón, como así lo creemos, sería innecesario discutir las diversas otras cuestiones de prescripción, reconocimiento, nueva promesa, causa (*consideration*), cuentas liquidadas, y quizás, algo más aducido en el alegato del apelante. Sin embargo, las discutiremos hasta cierto punto.

Como primer error el apelante ataca la certeza de la aplicación por parte de la corte inferior del caso de *Marchán* v. *Eguen Otazabal,* 44 D.P.R. 408, y elaboradamente solicita un cambio en nuestra jurisprudencia. Ese caso resolvió que un "doctor" estaba incluído dentro del término "profesor"

del artículo 1867 del Código Civil (edición de 1930), y que estaba limitado al término de tres años para presentar una demanda en cobro de sus servicios. El apelante no nos convence que el razonamiento de dicho caso estuviera equivocado, y sobre la cuestión allí resuelta, el mismo es aún la ley en Puerto Rico.

■ El segundo señalamiento es que la corte no debió haber resuelto que no podía haber interrupción, mediante un reconocimiento, del período prescriptivo de tres años. El apelante cita jurisprudencia de las decisiones del estado de California. En ninguna de ellas encontramos que haya sido sostenida la contención del apelante. Deciden, es cierto, que el reconocimiento de una deuda por parte del deudor, luego de transcurrido el período prescriptivo, puede ser interpretado como una nueva promesa de pago, con la antigua promesa como causa. También expresan el principio de que en California el Estatuto de Limitaciones impide el remedio, pero no extingue la deuda. Hallamos que los casos son uniformes al efecto de que una vez que el período prescriptivo ha transcurrido, la acción ya no puede basarse en la antigua promesa, obligación o contrato, sino que debe fundarse en una nueva promesa, expresa o implícita, que debe ser alegada. Sin considerar el posible efecto del artículo 41 del Código de Enjuiciamiento Civil (edición de 1933), convenimos con la corte sentenciadora que en lo atinente a cualquiera o a todos los servicios prestados con más de tres años de anterioridad a junio 28, 1928, fecha en que el supuesto reconocimiento tuvo lugar, no podía haber interrupción del período prescriptivo. Es imposible interrumpir lo que ya ha sucedido. Véase Manresa, Código Civil, Tomo 12, página 817 (cuarta edición).

■■ El tercer señalamiento se refiere a la interpretación dada por la corte sentenciadora al artículo 48 del Código de Enjuiciamiento Civil (edición de 1933). El apelante insiste en que la corte debió haber resuelto que en realidad había habido un reconocimiento en una o más de cuatro formas distintas, a saber:

(1) Por pago a cuenta.

(2) Por reconocimiento judicial de la deuda.

(3) Por suspensión en procedimiento de administración judicial debido a fallecimiento del deudor.

(4) Por admisión de las alegaciones.

El artículo 48, supra, es el equivalente exacto de la sección 360 del código correspondiente de California, y lee:

"Ningún consentimiento o promesa de un contrato nuevo, o de la continuación de uno ya hecho, será prueba suficiente para que el caso quede fuera de las disposiciones de este título, a menos que así conste por escrito bajo la firma de la parte en contra de la cual haya de utilizarse."

El apelante discute el artículo desde el punto de vista de la interrupción del período prescriptivo. Excepto en lo que se refiere al año inmediatamente anterior a la muerte de Víctor Honoré, un fallo al efecto de que la prescripción fué interrumpida por el primer supuesto acto de reconocimiento, o sea, por el pago de $3,800 hecho por los herederos de Honoré en enero 23, 1928, no llega a crear una causa de acción respecto a los otros 22 años de servicios profesionales. En eso estamos de acuerdo con la corte inferior. También estamos contestes con la corte de distrito al resolver que el apelante debe basar su recurso en una nueva promesa y no en la interrupción del período prescriptivo si pretende recobrar por todos los servicios. Enfocando el caso desde el ángulo más favorable para el apelante, y asumiendo por el momento que alegara expresamente una nueva promesa o un nuevo contrato, sólo podemos aceptar como hechos los siguientes: (1) El pago de $3,800 en enero 23, 1928; (2) La constancia siguiente, en una oposición al nombramiento de un contador partidor: "Satisfecho al Dr. Lange, según recibo en nuestro poder $3,800," y más tarde en el mismo procedimiento al tabular las deudas de la sucesión: "Honorarios al Dr. R. U. Lange $10,000"; (3) Una reclamación por honorarios médicos presentada bajo juramento al administrador judicial.

Hemos examinado los casos citados por el apelante y ellos no sostienen su interpretación al artículo de la manera concluyente que él asume. La mayoría de ellos no son aplicables y muchos sólo resuelven que no es necesario que el escrito esté firmado por la parte siempre que su consentimiento o asentimiento a lo que por escrito consta sea de otro modo claro. En todos ellos el documento fué otorgado por el mismo deudor y en la mayoría, si no en todos, de propio puño y letra. Un estudio más detenido de la jurisprudencia de California nos ha dejado bajo la impresión de que el artículo 48 (360 de California) debe ser interpretado estrictamente. En lo relativo a la cuestión de evidencia admitida por haberse dejado de presentar la debida objeción y a la posible aplicación del caso de *Herederos de Martínez* v. *Fernández,* 19 D.P.R. 143, no es necesario decir otra cosa que el caso no fué uno en que, como aquí ocurre, el demandante descansaba en un mero reconocimiento, sino uno en que se alegaba una nueva promesa.

Por otra parte, y asumiendo que el caso citado sea aplicable, subsiste el hecho de que la corte de distrito halló que no se había hecho una nueva promesa, expresa o implícita, por los herederos de Honoré al Dr. Lange.

No se probó satisfactoriamente que el pago de $3,800 fuera un pago parcial. Las otras manifestaciones a que ya nos hemos referido no fueron manifestaciones incondicionales hechas al apelante y no bastaban para constituir una promesa de pago en forma tal que creara una nueva obligación. La corte, por tanto, no cometió el tercer error.

No podemos ver cómo la corte cometiera error al no considerar esté pleito como uno sobre una cuenta liquidada o al resolver que los servicios prestados prescribían desde el momento en que terminaba cada enfermedad específica. En lo que a la naturaleza del litigio se refiere es evidente del informe del juicio y del alegato que el apelante no descansó en la teoría de una cuenta liquidada, sino más especialmente en la interrupción del período prescriptivo.

Además, convenimos con los apelados en que la prueba presentada y admitida distaba de ser suficiente para probar tal cuenta. El principio de una cuenta liquidada depende generalmente de un convenio entre las partes al efecto de que determinada cuenta es correcta. Este convenio puede ser expreso o inferirse de la falta del deudor de levantar una objeción dentro de un tiempo razonable después de presentársele la cuenta por el acreedor, o, quizás, por otros actos del deudor. Es esencialmente un nuevo contrato que no es atacable en sus términos, a no ser debido a fraude o error. La única prueba fuerte tendente a demostrar tal cuenta fué rechazada por la corte y no hallamos que cometiera error al dejar de admitirla. Cuando uno considera que la tentativa de establecer una cuenta liquidada fué en cuanto a una cuenta supuestamente acordada entre un acreedor y los herederos de un deudor, es razonable que una corte exija prueba más convincente de tal cuenta que si se hubiese tratado del deudor mismo.

En lo que se refiere al tiempo en que debe comenzar a correr el período prescriptivo, resolvemos que a menos que se estableciera un contrato continuo entre el Dr. Lange y el predecesor de los demandados, tal período debe comenzar al final de cada enfermedad específica. Esto tiene íntima analogía con el caso de los servicios prestados por un abogado, cuando la regla es aplicable en lo que a cada pleito concierne. No hay prueba de semejante contrato continuo en este caso.

El quinto error se refiere a la conclusión de la corte inferior sobre el pago de $3,800. El apelante en su alegato aparentemente olvida que el supuesto recibo en que aparece la frase "pago parcial" fué rechazado por la corte de distrito. El peso de la prueba recaía sobre el apelante para que demostrara un pago parcial o una nueva promesa, etc., y él no podía hacer que este peso recayera sobre los apelados para que demostraran lo contrario con la mera presentación de alguna prueba tendente a sostener su posición.

■ No creemos que sea necesario discutir el valor razonable de los servicios prestados durante los tres últimos años de la vida de Honoré, toda vez que es nuestro criterio que la causa de acción del demandante había prescrito enteramente en la época en que instó su demanda. El artículo 41 del Código de Enjuiciamiento Civil (edición 1933) lee:

"Si una persona con derecho a ejercitar una acción muriese antes de terminar el período de prescripción requerido para deducir aquélla, y la causa de acción subsistiera, los representantes de tal persona podrán ejercitar dicha acción después de la terminación de aquel período y dentro de un año de la defunción. Si una persona contra la cual puede ejercitarse una acción muriese antes de la terminación del período de tiempo requerido para dar principio a la misma, podrá deducirse dicha acción contra sus representantes, después de la terminación de aquel período, y dentro de un año después del nombramiento judicial del albacea o administrador testamentario."

El pleito en este caso no fué entablado hasta unos dos años después que el administrador judicial fué designado y cuando el término prescriptivo ya había expirado. Además, tenemos dudas respecto a si el artículo es aplicable, considerando nuestra decisión en el caso de *Rosado* v. *Sucesión Matta,* 19 D.P.R. 307.

El apelante cita de 16 Cal. Jur., sec. 93, pág. 491, al efecto de que la muerte de un deudor deja en suspenso el período prescriptivo y que el mismo no empieza a correr nuevamente hasta que se designa un administrador. La sección ha sido interpretada erróneamente por el apelante, si es que debemos aceptar su traducción, pues al leer la versión inglesa se hace aparente que la suspensión de referencia sólo tiene lugar cuando la causa de acción surge después de la muerte del obligado y antes de la designación del administrador. No es aplicable a un caso como el presente en que la acción, excepción hecha de la última enfermedad del deudor, surgió con anterioridad a su muerte. En el caso que está ante nuestra consideración la muerte del deudor meramente da al acreedor el derecho a instruir un litigio dentro de un

año contado a partir del nombramiento del administrador, asumiendo desde luego que el término prescriptivo ha transcurrido antes de tal designación o dentro del año siguiente.

El sexto error se refiere a las costas. Nos inclinamos a creer que la corte inferior no cometió abuso de discreción al conceder las costas a los demandados.

*La sentencia debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.

EN MOCIÓN DE RECONSIDERACIÓN

Julio 31, 1937

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Distamos de estar convencidos de que las costas no deben ser impuestas en este caso especialmente cuando se considera que además de la cuestión de prescripción, la corte inferior, conforme sostuvimos, decidió que la cantidad de $3,800 satisfecha al doctor lo fué en pago total de su reclamación. Sin embargo, el apelante cuando se radique el memorándum de costas tendrá la oportunidad de insistir en una limitación de la cuantía de los honorarios y de una subsiguiente apelación.

*La moción de reconsideración debe ser declarada sin lugar.*

El Juez Asociado Señor Córdova Dávila no intervino.