JACKSON BREWING Co., demandante y apelada, *v.* José B. López, Sucrs., Inc., demandada y apelante.

Núm. 7274.—*Sometido:* Diciembre 4, 1936. *Resuelto:* Junio 10, 1937.

720

*Susoni & Defendini,* abogados de la apelante; *J. Pedro Miranda* y *Alfonso Miranda,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La Jackson Brewing Co., de Lousiana, fabricaba y vendía cerveza bajo la marca de fábrica "Jax". Esta bebida se vendía exclusivamente en Puerto Rico por la firma Sucesores de José Fernández. El monosílabo "Jax" fué debidamente registrado por la Jackson Brewing Co., como marca de fábrica para la venta de su cerveza, tanto en la Isla de Puerto Rico como en el estado de Louisiana. Varios años más tarde, es decir, en 1934, la demandada en el presente caso puso a la venta en el mercado insular una cerveza bajo la marca "Royal Palm", pero en su etiqueta aparecía la frase "Jax Brewing Company, Jacksonville, Florida." La Jackson Brewing Co. radicó entonces una petición de *injunction* contra José B. López, Sucrs., Inc., alegando tanto una infracción de su marca de fábrica como una competencia desleal por parte de la demandada. Esta interpuso excepción previa alegando que la

demanda dejaba de aducir hechos suficientes para determinar una causa de acción, y su excepción fué declarada sin lugar. La contestación negaba más o menos las alegaciones esenciales de la petición, aunque admitía que la peticionaria había tenido registrada debidamente la marca de fábrica "Jax" a su nombre en la Secretaría Ejecutiva de Puerto Rico desde el 16 de marzo de 1927. Como defensa especial alegaba que el título "Jax Brewing Co." no se usaba como marca de fábrica sino con el objeto de cumplir con los requisitos de la ley; que el nombre "Jax Brewing Co." ha sido usado por la demandada en el estado de Florida desde 1913; que la palabra "Jax" es una contracción del nombre Jacksonville y que por tanto es un término geográfico que no está sujeto a adquisición exclusiva como marca de fábrica y que la peticionaria tiene meramente el derecho a usar la palabra "Jax" en el estilo y forma específicos en que los emplea para distinguir el producto.

La corte inferior expidió un *injunction* preliminar y, luego de oír la prueba, prohibió permanentemente a la demandada que usara la palabra "Jax" en parte alguna de sus marbetes o cartones o en forma alguna en relación con la venta de su cerveza. El juez sentenciador halló que la peticionaria había probado las alegaciones esenciales de su petición, que la demandada había dejado de sustanciar sus defensas y que la palabra "Jax" era un mote y en su consecuencia no está excluída de ser objeto de una marca de fábrica válida. La apelación fué desestimada por frívola en mayo 29, 1936, y posteriormente reconsiderada en julio 28, 1936.

En apelación las partes han convenido en que el caso se considere en sus méritos, así como la moción para desestimar que está pendiente. Como el recurso ha de ser resuelto en su fondo puede hacerse caso omiso de la moción para desestimar.

Ocho son los errores señalados por la apelante. El primero se refiere a la suficiencia de la petición para aducir una causa de acción. De su lectura una corte puede fá-

cilmente determinar que aduce la infracción de una marca de fábrica registrada. Se alega sustancialmente una causa de acción y eso es cuanto se necesita. La infracción de una marca de fábrica tan sólo forma parte del campo más amplio de la competencia desleal. *Pulitzer Pub. Co.* v. *Houston Printing Co.*, 4 F. (2d) 924.

El segundo error ataca una conclusión específica de la corte inferior, mas como la sentencia puede ser sostenida sin utilizar tal conclusión, se hace innecesario discutirlo.

El siguiente error señalado impugna la certeza de la conclusión de la corte inferior al efecto de que la peticionaria había probado satisfactoriamente sus alegaciones y ataca especialmente la suficiencia de la prueba para demostrar una competencia desleal. Al analizar la prueba ofrecida en el presente caso no debe uno olvidar que la peticionaria tiene un marca de fábrica registrada; que en tales casos y más específicamente en aquéllos en que la marca consiste de una palabra artificial o inventada, la prueba a ser aducida por la peticionaria no necesita ser tan clara y convincente como en casos en que no existe semejante marca de fábrica registrada. Hasta cierto punto se presume el fraude cuando está envuelta la infracción de una marca de fábrica técnica. *American Specialty Co.*, v. *Collis Co.*, 235 F. 929; *Barton* v. *Rex-Oil Co.*, 288 F. 878. De la prueba se desprende que existía el peligro de que se perjudicara la reputación de la peticionaria, que el uso por parte de la demandada del monosílabo ''Jax'', aunque se hiciera en relación con su nombre corporativo, llevaba consigo la probabilidad de que al venderse el producto en cartones (al por mayor), que era la clase de ventas efectuadas por ambas partes, los detallistas podían ser erróneamente inducidos a creer que ambos productos eran fabricados por el mismo cervecero y adquirir así una cerveza basándose en la reputación de la otra. Es este derecho de propiedad en el ''good will'' que la ley protege.

El caso de *Rice & Hutchins, Inc.* v. *Vera Shoe Co.*, 290 F. 124, tiene íntima analogía con el presente. En dicho caso la peticionaria, Rice & Hutchins, Inc., había estado por espacio de cincuenta años dedicada a la fabricación y venta de zapatos y botines, bajo la marca de fábrica de "Vera", que estampaba en todos sus productos. Alegó que la demandada se incorporó en 1920 en el estado de Nueva York bajo la razón social de "Vera Shoe Company, Inc." Adujo entonces sustancialmente las mismas cuestiones que se alegan en la petición que tenemos a la vista. La prueba era relativamente floja y sin embargo la corte de apelaciones la consideró suficiente para sostener la concesión de un auto de *injunction* y revocó la sentencia de la corte inferior. Copiamos de la opinión de la corte, página 126:

"La ley no exige que determinada persona haya sido realmente inducida a error. . . . (citando casos). Si el resultado natural y probable de la conducta de la apelada sería inducir al público a que comprara sus productos en la creencia de que éstos eran los fabricados por la apelante, tal conducta engañaría al comprador corriente que hacía sus compras bajo condiciones ordinarias, y ello equivale en derecho a competencia desleal. *Miller Rubber Co.* v. *Behrend*, 242 Fed. 515, 155 C. C. A. 291. Por tanto, debe resolverse que al adoptar la palabra 'Vera' en su nombre corporativo, que es una selección arbitraria, la apelada intentó las consecuencias naturales de sus actos. Es muy probable que el calzado fabricado por la apelada pronto fuera conocido por calzado 'Vera', con la resultante confusión.

"Cuando la prueba de una infracción es clara, una corte de equidad no se negará a expedir un auto de *injunction* para proteger en el futuro al propietario de un derecho de marca de fábrica, aunque se desprenda que éste no tiene derecho a una rendición de cuentas por las ganancias obtenidas en el pasado por el infractor. La apelante ha usado la marca de fábrica 'Vera' por espacio de 17 años en sus productos, los que fabricaba en el estado de Massachusetts y vendía en todos los estados de la Unión. La apelada fué organizada en el año 1920, y vendía sus zapatos en territorio contiguo a aquél en que se vendía el calzado de la apelante. Enviaba vendedores hacia el sur y hacia el oeste, y aunque no ha vendido en el estado de Massachusetts, ha cubierto territorio en que se vendían los zapatos de la

apelante. Debemos asumir que si ello no se le prohibe, la apelada continuará su negocio en perjuicio de la apelante, y el peligro de daño es suficiente fundamento para que se extienda el poder restrictivo de una corte de equidad. *Von Munn* v. *Frach* (C. C.), 56 Fed. 837.''

La apelante, como hemos visto, insistía en que su marca de fábrica lo era ''Royal Palm'' y que la palabra ''Jax'' no formaba parte esencial de ella.

Fuera del hecho de que se demostró que la misma demandada usaba la cerveza de la Jax Brewing Co., hubo otra prueba, que quizá no era tan clara como hubiera podido serlo, tendiente a demostrar que los vendedores del agente principal de la demandante tenían dificultad en vender su cerveza porque las personas a quienes se acercaban alegaban tener una cerveza más barata procedente de la Jackson Brewing Co.

Esta discusión es suficiente para resolver los señalamientos tercero, sexto y séptimo, toda vez que ellos están íntimamente relacionados.

La corte inferior no cometió error al excluir la prueba a que se hace referencia en el cuarto señalamiento y resolvió acertadamente que la palabra ''Jax'', de ser algo, constituía un mote, y que como tal podía ser adquirido como una marca de fábrica. 26 L.R.A. (N. S.) 73, *et seq.*

El último señalamiento se refiere a la concesión de costas a la peticionaria y en ello no encontramos error alguno.

Véase, para su aplicación general sobre la cuestión de marcas de fábrica, el caso de *Eneglotaria Medicine Co.* v. *Sosa López,* 38 D.P.R. 604.

*Debe confirmarse la sentencia apelada.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila, no intervinieron.