Dr. Rafael U. Lange, demandante y apelado, *v.* Alejandrina, María Trifona, conocida por Trina, y Sabás Honoré Rivera, demandados y apelantes.

Núm. 7741.—*Sometido:* Mayo 23, 1938. *Resuelto:* Mayo 31, 1938.

236

*Enrique Báez García,* abogado de los apelantes; *José Sabater,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Confirmada por esta Corte Suprema la sentencia que dictó la corte de distrito en este caso (51 D.P.R. 711), la parte victoriosa presentó el nueve de agosto de 1937 su memorándum de costas contentivo de seis partidas, cinco de costas y desembolsos ascendentes a ciento seis dólares y una, la sexta, de honorarios de abogado fijados en cinco mil. La parte vencida, el demandante, aceptó las partidas primera, cuarta y quinta e impugnó las restantes. La corte declaró sin lugar las impugnaciones a las partidas dos y tres y rebajó la sexta a seiscientos dólares. Y contra su resolución, dictada en marzo 17, 1938, interpusieron los demandados el presente recurso de apelación, cuya desestimación solicita el demandante por causa de frivolidad.

La cuestión a estudiar y a resolver se plantea por el apelado como sigue:

"Alega el demandante apelado, que los demandados apelantes establecieron apelación contra la resolución de la corte de distrito de Mayagüez aprobando el memorándum de costas en la forma en que lo ha hecho, modificando la partida de honorarios de abogado, radicándose dicho escrito de apelación y notificándose al abogado del demandante el 19 de marzo de 1938; pero habiéndose practicado prueba en el acto de la vista del memorándum de costas, . . . no han radicado la exposición del caso o la transcripción de evidencia dentro del término legal para poder revisar esa prueba este Hon. Tribunal Supremo y determinar si la corte inferior al señalar como honorarios del abogado de los demandados la cantidad de seiscientos dólares usó de su discreción o abusó de la misma; . . . y por lo tanto la apelación resulta frívola o académica" por falta de base para resolverla.

Los apelantes se oponen invocando la regla cuarenta (c) del reglamento de este tribunal que prescribe:

"En la apelación de una resolución aprobando un memorándum de costas en que la prueba y otros procedimientos en el recurso de apelación interpuesto contra la sentencia que dió origen al memorándum, hubieren sido elevados previamente a este Tribunal mediante pliego de excepciones, exposición del caso, transcripción de la evidencia, o en otra forma debida, las partes para probar sus respectivas alegaciones pueden referirse a los dichos autos del pleito que dió origen al memorándum y archivar cualquier otra evidencia debidamente autenticada que el juez inferior hubiera tenido ante sí al resolver el memorándum."

Opinamos que dando a la regla la debida interpretación, esto es, considerando ampliada la transcripción especial preparada para perfeccionar la apelación de la resolución relativa al pago de determinadas cantidades por costas y honorarios de abogado, con la elevada cuando se apeló de la sentencia resolutoria del pleito en que dichas costas se impusieron, aún así, falta la evidencia última que ante la corte se practicara al verse el memorándum a los efectos de la fijación de la cuantía de los honorarios de abogado, a saber, la declaración del letrado Enrique Báez García.

El récord no está completo. El hecho de que la declaración del letrado Sr. Báez se prestara en relación con las constancias del pleito, no quiere decir que dicha declaración no sea necesaria para colocar a esta corte en la misma situación en que estuvo colocada la corte de distrito al dictar su resolución de marzo diecisiete último.

Ahora bien, si el récord se considera completo, dado el conocimiento que de él tenemos y de todas las circunstancias que en el caso concurrieron, nos consideramos en perfectas condiciones para concluir que la cantidad fijada finalmente por el juez sentenciador no es injusta ni improcedente. Hemos leído el amplio alegato de los apelantes archivado para sostener su apelación y la moción por virtud de la cual impugnan la desestimación que solicita el apelado, y su lectura no nos ha hecho variar de criterio.

Al decidir esta corte la apelación contra la sentencia, dispuso del señalamiento de error relativo a las costas en los siguientes términos:

"El sexto error se refiere a las costas. Nos inclinamos a creer que la corte inferior no cometió abuso de discreción al conceder las costas a los demandados." 51 D.P.R. 711, 719.

El demandante pidió la reconsideración y su petición fué resuelta en los siguientes términos:

"Distamos de estar convencidos de que las costas no deben ser impuestas en este caso especialmente cuando se considera que además de la cuestión de prescripción, la corte inferior, conforme sostuvimos, decidió que la cantidad de $3,800 satisfecha al doctor lo fué en pago total de su reclamación. Sin embargo, el apelante cuando se radique el memorándum de costas tendrá la oportunidad de insistir en una limitación de la cuantía de los honorarios y de una subsiguiente apelación." 51 D.P.R. 719.

Si nuestro criterio no se fijó de modo más preciso desde entonces, fué porque sabíamos que de acuerdo con nuestra propia jurisprudencia la corte sentenciadora tenía una segunda oportunidad para juzgar sobre la temeridad de la parte condenada al pago de los honorarios de abogado al determinar, cuando el memorándum se le presentara, la cantidad exacta a satisfacer. *Castro v. Société Anonyme Des Sucreries,* 34 D.P.R. 575; *Miranda v. P. R. Railway, L. & P. Co.,* 50 D.P.R. 388; *Sucn. Villegas v. Central Victoria, Inc.,* 49 D.P.R. 507; *Trujillo Lange v. López,* 49 D.P.R. 336; *Rodríguez v. Sánchez,* 48 D.P.R. 236.

Continuar tramitando el recurso cuando estamos convencidos de que no ha de prosperar, sería dilatar conscientemente la administración de la justicia. La moción de desestimación nos proporciona la oportunidad de terminarlo, y lo haremos declarándola con lugar, en primer término, porque no estando el récord completo, los apelantes no han colocado a esta corte en las mismas condiciones en que se encontraba la de distrito al ejercitar su discreción fijando la cuantía de los honorarios en seiscientos dólares, y en segundo, porque juzgando por

nosotros mismos las constancias existentes, consideramos que la resolución apelada debe subsistir porque la cuantía se fijó tomando en consideración no una sino todas las circunstancias que en el caso concurren, que no revelan aquel grado de temeridad por parte del demandante necesario para justificar el pago del valor total de los servicios prestados por su abogado a la parte demandada.

*Debe desestimarse el recurso y en su consecuencia confirmarse la resolución apelada.*