ENRIQUE BÁEZ GARCÍA, demandante y apelado, *v.* ALEJANDRINA, MARÍA TRIFONA, conocida por TRINA, y SABÁS HONORÉ y RIVERA, demandados y apelantes.

Núm. 7999.—*Sometido:* Febrero 11, 1941. *Resuelto:* Marzo 12, 1941.

*Pascasio Fajardo Martínez,* abogado de los apelantes; *Enrique Báez García, pro se.*

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Se trata en este caso del cobro de honorarios por servicios profesionales prestados por el abogado demandante a los demandados.

La Sucesión de don Víctor Honoré fué demandada por el Dr. Rafael U. Lange ante la Corte de Distrito de Mayagüez, en cobro de la suma de $11,750 por concepto de honorarios por servicios médicos prestados al causante y a los aquí demandados. La representación de los demandados la tuvo originalmente el abogado Alemañy Sosa, y habiéndose retirado éste después de haber sido desestimada una moción de *nonsuit,* el aquí demandante asumió la representación de los demandados hasta la terminación del pleito. Desestimada la demanda y condenado el demandante al pago de costas, gastos y honorarios de abogado, apeló el Dr. Lange para ante esta Corte Suprema, siendo confirmada la sentencia (51 D.P.R. 711) en junio 9 de 1937. El memorándum de costas formulado ante la corte de distrito ascendía a $5,106. El memorándum aprobado ascendió a $706; y no estando conformes los aquí demandados con la rebaja que de $5,000 a $600 se había hecho en la partida de honorarios, apelaron para ante esta Corte Suprema, quedando confirmada la resolución recurrida por sentencia de 31 de mayo de 1938 (53 D.P.R. 235). La suma de $706 pagada por el Dr. Lange en satisfacción de la sentencia en su contra, fué entregada a los aquí demandados.

En la demanda radicada en el presente caso, el abogado demandante alega, que después de ocurridos los hechos que hemos expuesto él pasó a los demandados su cuenta de honorarios por la suma de $3,000, y que los demandados se han negado a pagársela.

En su contestación los demandados han controvertido, negándolos específicamente, los hechos siguientes: (*a*) que el demandante tuviera necesidad de abandonar todos sus otros trabajos profesionales para concretarse al caso de los

demandados; (*b*) que el demandante se trasladara frecuentemente a la residencia de los demandados en relación con gestiones sobre dicho pleito y muy especialmente que lo hiciera en tiempo alguno de noche, alegándose en contrario que fué el demandado Sabás Honoré quien se encargó de suministrar al demandante toda la prueba; (*c*) que el memorándum de costas fuera radicado de acuerdo con los demandados, alegándose en contrario que dicho memorándum fué preparado for el abogado demandante y no por los demandados, quienes desconocen las leyes sobre la materia de costas; (*d*) que los demandados no estuvieran conformes con el memorándum aprobado por la corte de distrito y confirmado por la Corte Suprema y que ordenaran al demandante que apelase, alegando en contrario que los demandados consideraron justas y razonables las sumas concedidas y que fué el demandante quien apeló para su beneficio y con objeto de cobrar por sus servicios una suma mayor que la que fué concedida. Los demandados alegan que ellos han ofrecido pagar al demandante la suma de $600 como valor razonable de sus servicios, y piden se dicte sentencia en su contra por dicha suma.

Visto el caso, la corte de distrito dictó sentencia por la que condenó a los demandados a pagar al demandante la suma de $2,500 como honorarios por todos sus servicios profesionales en la defensa del caso ante la corte inferior y en las dos apelaciones ante esta corte, sin costas.

La única cuestión presentada por los demandados apelantes que merece consideración es la de si la suma concedida por la corte inferior es, como alegan ellos, injusta y excesiva.

En la opinión que sirvió de base a la sentencia recurrida, el juez sentenciador se expresó así:

"Cuando la corte concedió la suma de $600 por concepto de honorarios de abogado, consideró solamente los servicios prestados por el Lic. Báez García durante la vista del juicio en la corte de distrito, que eran los únicos que esta corte podía considerar, de acuerdo con lo resuelto por el Tribunal Supremo en los siguientes casos: (*Nicot*

v. *Valdecilla et al.*, 29 D.P.R. 519, y *Laborde* v. *López*, 29 D.P.R. 517). Como se verá por los anteriores casos, cuando esta corte tasó en $600 los honorarios del abogado, esta corte no podía considerar otros servicios que aquellos prestados por el abogado en la corte de distrito durante la vista del juicio en los días 9, 13 y 19 de diciembre de 1932, así como la preparación de los correspondientes alegatos al someter el caso.''

Es cierto que el juez sentenciador hizo constar también, que al fijar el importe de los honorarios que debería pagar la parte perdidosa él consideró que el Dr. Lange no actuó con temeridad y que por ese motivo redujo los honorarios a la suma de $600. Pero, si se tiene en cuenta que el demandante se hizo cargo del pleito después de comenzado el juicio, cuando ya se había practicado la prueba del demandante y se había radicado una moción de *nonsuit;* y que todos los servicios anteriores—estudio del caso, excepciones previas, moción sobre pliego de especificaciones, contestación a la demanda y formulación de varias alegaciones *(pleadings)*, preparación del caso para juicio y asistencia al juicio hasta la terminación de la prueba del demandante—fueron prestados por el Lic. Alemañy y pagados por los demandados, es inevitable la conclusión de que la suma de $600 fijada originalmente por la corte de distrito es una justa y razonable compensación por todos los servicios prestados por el demandante a los demandados en la defensa del caso ante la corte de distrito.

No habiendo hecho la corte inferior una retasación del valor de los servicios prestados ante ella por el demandante, debemos asumir que de la suma global de $2,500 concedida al demandante, $600 corresponden a los servicios prestados ante la corte de distrito y que los $1,900 restantes han sido concedidos como compensación por servicios profesionales en relación con las dos apelaciones tramitadas ante esta Corte Suprema.

¿Es justa y razonable la suma de $1,900 para honorarios por los servicios prestados en las dos apelaciones ante esta

corte? Dice el demandante en su alegato: "Si se examina la exposición del caso se encontrará que la mayor parte de los servicios prestados por el Lic. Báez García a los hermanos Honoré fueron prestados después de la sentencia." Veamos en qué consistieron esos servicios.

La primera apelación *Báez* v. *Honoré* (51 D.P.R. 711), fué interpuesta por el Dr. Lange contra la sentencia que declaró prescrita la acción para reclamar a la sucesión Honoré la suma de $11,750. Como es natural, el trabajo necesario para perfeccionar el recurso—preparación de la transcripción y del legajo de la sentencia—lo hizo el abogado del apelante. La única cuestión envuelta era la de si la corte inferior había errado al declarar prescrita la acción. Esa cuestión fué ampliamente discutida en la corte inferior, presentando los allí demandados dos alegatos de 52 páginas cada uno. El radicado ante esta corte para sostener la misma cuestión constaba de 112 páginas, lo que indica que fué una reproducción de los argumentos sometidos a la corte inferior.

La segunda apelación fué interpuesta por los demandados, no conformes con la suma concedídales para honorarios de abogado. Y fué desestimada por no haberse perfeccionado presentando a tiempo un récord completo.

Considerando la cuantía en litigio y la sencillez de las cuestiones legales debatidas en ambos recursos, opinamos que la suma de $1,900 es excesiva y que la suma de $200 como honorarios por el primer recurso y la de $100 por el segundo, compensarán justa y razonablemente al demandante apelado por sus servicios.

*Por las razones expuestas debe modificarse la sentencia recurrida, rebajando a $900 la suma total que los demandados Alejandrina, María Trifona, conocida por Trina, y Sabás Honoré y Rivera deberán pagar, mancomunada y solidariamente al demandante, y así modificada confirmarse.*

El Juez Asociado Sr. Todd, Jr., no intervino.