Rosso, Demandante y Apelante *v.* Rosso, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Arecibo en causa sobre reivindicación.

·No. 1187.—Resuelto en julio 30, 1915.

Reivindicación—Posesión por el Demandado de la Cosa Reclamada—Daños y Perjuicios.—En la acción reivindicatoria la posesión por el demandado de la cosa que se reclama es un requisito de indispensable alegación y prueba, y cuando en la demanda no hay alegación alguna que muestre dicha posesión, es fatalmente defectuosa.

Id.—Daños y Perjuicios—Demanda Defectuosa en Cuanto a lo Principal.— Cuando en una demanda sobre reivindicación el pronunciamiento de daños y perjuicios está subordinado a otro principal, o sea al relativo a la devolución y restitución de la cosa, si este no puede prosperar, atendidos los hechos consignados en la demanda, igual suerte tiene que correr aquél.

Daños y Perjuicios—Restitución de Bienes—Alegaciones Esenciales de la Demanda.—Para poder apreciar si ha lugar o no a la indemnización de daños y perjuicios cuando los bienes reclamados no pueden ser restituídos, debe alegarse cuales son esos bienes, la razón de su inexistencia y el valor de los mismos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Rafael López Landrón* y *Juan Gregory.*

Abogado del apelado: *Sr. Félix Santoni.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por la parte demandante, Pedro Alfonzo Rosso, contra sentencia que en 30 de julio de 1914 dictó la Corte de Distrito de Arecibo declarando sin lugar la demanda con las costas a cargo del demandante.

En esa demanda alega el demandante en síntesis los siguientes hechos:

1°. Que la sucesión demandada de Eduardo Rosso y Gil de Lamadrid se compone de su viuda Magdalena Goicuría y de sus hijos adoptivos Pedro y María Rosso;

2°. Que durante el año 1898 el demandante tenía en arrendamiento dos fincas rústicas de Eduardo Rosso y Gil de Lamadrid, una de ellas radicada en el barrio de Río Arriba, sitio de Bacupey del término municipal de Arecibo, y la otra denominada El Jaguar dentro del mismo término municipal.

3°. Que en dichas fincas tenía el demandante bienes inmuebles, muebles y semovientes, según se especifican en la demanda, los cuales representaban un valor de $6,947.

4°. Que el arrendador y el arrendatario rescindieron de común acuerdo el contrato de arrendamiento hacia el 15 de diciembre de 1899, quedando las dos fincas arrendadas en poder de Eduardo Rosso y Gil de Lamadrid y de sus mayordomos o empleados, bajo cuya guarda, custodia y conservación quedaron los bienes que en ellas había dejado el demandante.

5°. Que pocos días después reclamó el demandante dichos bienes a Eduardo Rosso y Gil de Lamadrid, quien se negó a devolvérselos reteniéndolos en su poder por su sola autoridad, ilegal y fraudulentamente, so pretesto de que el arrendatario Pedro Alfonzo Rosso tenía con él por liquidar una cuenta corriente de carácter comercial.

6°. Que Eduardo Rosso y Gil de Lamadrid desde la rescisión del contrato de arrendamiento ha venido utilizando dichos bienes, disfrutándolos y disponiendo de ellos a su arbitrio, no obstante saber como sabía que eran de la propiedad del arrendatario, habiéndolos detentado como también el valor o precio de los que vendiera, sin concepto alguno de dueño, hasta su fallecimiento en el año 1910.

7°. Que Eduardo Rosso y Gil de Lamadrid poco después de rescindido el contrato de arrendamiento enajenó o traspasó los bienes de que se trata, incluso el disfrute de la máqui-

na de vapor que el arrendatario había empotrado en el fundo y demás inmuebles que instaló en la finca del Jaguar.

8°. Que habiendo reclamado privadamente el demandante a Eduardo Rosso y Gil de Lamadrid año por año hasta su fallecimiento, la devolución de los bienes y el importe en su caso, no consiguió esa devolución.

9°. Que algún tiempo después de ocurrido el fallecimiento de Eduardo Rosso y Gil de Lamadrid, el demandante hizo igual reclamación a su viuda y heredera Magdalena Goicuría obteniendo sólo por respuesta evasivas y pretextos desprovistos de toda razón legal.

La demanda concluye con la súplica de que se dicte sentencia condenando a la sucesión del finado Eduardo Rosso y Gil de Lamadrid a la devolución y restitución de los bienes a que se refiere la demanda, en cuanto existieren en su poder, con todos sus frutos producidos o podidos producir, y del total importe en metálico de cuantos no pudieren ser restituídos en buen estado de conservación, con intereses legales y costas del litigio.

A la anterior demanda opusieron Magdalena Goicuría y Pedro Rosso las excepciones previas de que la demanda no alega hechos suficientes para determinar una causa de acción, la de que si alguna acción tuviera el demandante, hubiera prescrito, y la de que los demandados han adquirido por prescripción los bienes que se les reclaman, en el caso de que el demandante hubiera tenido algún derecho sobre ellos, de acuerdo con los artículos 1856 y 1858 del Código Civil.

La corte dictó resolución en 20 de julio de 1914 declarando con lugar las tres excepciones alegadas, y pronunció sentencia el día 30 del propio mes, declarando sin lugar la demanda con las costas a cargo del demandante.

Esa sentencia ha sido apelada para ante esta Corte Suprema por la parte demandante, según dejamos dicho; y después de haber examinado las alegaciones de las partes apelante y apelada, opinamos que procede su confirmación por el fun-

damento de que los hechos consignados en la demanda no determinan una causa de acción.

Las alegaciones de la parte demandante relativas a si Eduardo Rosso y Gil de Lamadrid estuvo en posesión de los bienes que hoy se reclaman a su sucesión hasta su fallecimiento en el año de 1910 o si perdió esa posesión poco tiempo después de haberse rescindido el contrato de arrendamiento hacia el 15 de diciembre de 1899, son contradictorias, pues el demandante primeramente afirma que Eduardo Rosso y Gil de Lamadrid detentó los bienes reclamados y el valor o precio de los que vendiera hasta su fallecimiento en el año de 1910, y luego dice que Rosso y Gil de Lamadrid poco tiempo después de rescindido el contrato de arrendamiento enajenó o traspasó dichos bienes, sin que se exprese a favor de quién verificara la enajenación o traspaso. Como la demanda no ha sido excepcionada bajo el fundamento de ser ambigua, ininteligible y dudosa, tenemos que considerarla tal como está redactada para resolver si los hechos en ella consignados determinan una causa de acción. No podemos dar preferencia a una alegación sobre la otra y tenemos que aceptar la contradicción tal como se presenta. Eduardo Rosso y Gil de Lamadrid pudo poseer hasta su fallecimiento los bienes de que se trata y pudo no poseerlos, según que demos crédito a una u otra alegación.

Pero ese hecho no ha de influir en la resolución de la excepción previa de si los hechos determinan una causa de acción, pues lo que propiamente nos interesa saber es si la demanda muestra que la sucesión demandada está en posesión de los bienes que se le reclaman. La acción reivindicatoria ha de establecerse contra el que possee la cosa objeto de la demanda y puede por consiguiente restituirla. En la acción reivindicatoria la posesión por el demandado de la cosa que se reclama es un requisito de indispensable alegación y prueba, según jurisprudencia constante tanto del Tribunal Supremo de España como de esta Corte Suprema.

No hay en la demanda alegación alguna que muestre que

la sucesión de Eduardo Rosso y Gil de Lamadrid esté en posesión de los bienes que se le reclaman y por ese fundamento la demanda es fatalmente defectuosa, en cuanto en ella se ejercita una acción reivindicatoria.

Es cierto que también se pide en la demanda la devolución y restitución del total importe en metálico de cuantos bienes reclamados no pudieren ser restituídos en buen estado de conservación; pero no por ello puede decirse que los hechos expuestos en la demanda determinan una acción de daños y perjuicios. Ese pronunciamiento está subordinado al principal o sea al relativo a la devolución y restitución de los bienes, y si éste no puede prosperar atendidos los hechos consignados en la demanda, igual suerte tiene que correr aquél. En ésta no se expresa cuáles son los bienes de los reclamados que actualmente no existen, ni la razón de su inexistencia, ni el valor de los mismos, requisitos necesarios para poder apreciar si ha lugar o nó a la indemnización de daños y perjuicios.

Como la sentencia se sostiene por el fundamento de que los hechos de la demanda no determinan causa de acción, se hace innecesario considerar las otras dos excepciones de prescripción extintiva y adquisitiva.

Procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.