JULIO GAY DEL SANTO, demandante y apelante, *v.* ENCARNA-
CIÓN, CARMEN y JOSÉ VEGA, demandados y apelados.

No. 4646.—*Sometido:* Abril 2, 1929. *Resuelto:* Mayo 28, 1929.

*González Fagundo & González Jr.,* abogados del apelante; *Arturo
Aponte,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del
tribunal.

Ante la corte de distrito de Humacao presentó Julio Gay
del Santo una demanda contra Encarnación Vega, Carmen
Vega y José Vega, alegando ser dueño de una finca rústica
de seis cuerdas de terreno en el barrio Quebrada Arenas, de
Las Piedras, y que los demandados se hallan ocupando unas
cinco cuerdas de esa finca, sin derecho para ello, y sin que
el demandante les haya transmitido la propiedad de tal te-
rreno. Los demandados contestaron negando lo alegado en
la demanda, y alegando que la finca que en ella se describe
era propia de Paulina Vega, que la poseyó como dueña, pú-
blica y pacíficamente por más de treinta años y sin inte

rrupción, y fallecida Paulina Vega, los demandados, como sus legítimos herederos, quedaron en posesión de la finca, en el mismo concepto que su causante, y aún la siguen poseyendo con buena fe y justo título.

Fué el pleito a juicio; y la corte en definitiva dictó sentencia en fecha 21 de julio de 1927, declarando la demanda sin lugar.

De la opinión que se une a tal sentencia, es conveniente copiar algunos párrafos. Ha dicho la corte:

"Analizando la prueba del demandante puede verse que su título de dominio arrancá del expediente tramitado ante esta corte y en el cual se describe la finca con las mismas colindancias que contiene la demanda, apareciendo la adquisición del inmueble en cuestión por compra a doña Marcelina Peña.

Hemos hecho un examen cuidadoso del citado expediente de dominio y en verdad que el mismo adolece de errores fundamentales, ya que ninguno de los testigos que declararon en el mismo, hicieron constar que la finca de seis cuerdas la adquiriera Julio Gay de Marcelina Peña, como dice la resolución, y así fué inscrito, siendo tal prueba además contradictoria en cuanto a la adquisición, pues el testigo Manuel Peña (página 13 de dicho expediente) manifestó que Julio Gay adquirió dicha finca de Eulalia Barbé; Juan R. Márquez (página 19) hizo constar tal adquisición como de Paulina Vega por remate; Jesús Ma. Hernández (página 24) manifestó que la finca se remató en Las Piedras por don Félix Gay para don Elías Barbé y a la muerte de éste la dejó a Eulalia Barbé, quien la vendió a Julio Gay y Francisco Porrata Lliteras declaró que Julio Gay adquirió la finca directamente en un remate.

"Esta incongruencia entre lo probado y la resolución de la corte la atribuimos sin duda a un error o confusión entre el título de adquisición de dicha finca y otra de once cuerdas que aparece también en el expediente.

"Pero no obstante, tal prueba no demuestra en modo alguno la verdadera forma en que Julio Gay adquiriera el dominio de las seis cuerdas de terrenos que hoy reclama y el cual es la base de la presente acción.

"En la planilla para el pago de contribuciones se describe una finca de seis cuerdas, pero las colindancias de ésta no coinciden con las de la finca reclamada, sino únicamente en su parte sur, o sea,

con la carretera de Humacao a Juncos y en el expediente de apremio se habla de cinco cuerdas sin determinar sus linderos.

"Dada esta disparidad en los límites de la finca, difícil se hace llegar a una conclusión cierta sobre si en puridad de verdad la finca que hoy se reclama es la misma que ha servido de base para la referida planilla y expediente de apremio.

"Siendo también muy dudosa la certificación del citado expediente de apremio, pues en él se dice seguido contra Paulina Vega y después se habla de Julio Barbé como propietario del terreno en cuestión.

"Existiendo además el hecho de que Félix Gay compareció en dicho expediente como apoderado de Julio Barbé y a éste como propietario le fué adjudicado el terreno, hechos que contradicen las manifestaciones de los testigos del expediente de dominio al tratar del remate.

"De la prueba testifical del demandante aparece que Paulina Vega vivió en dicha finca en un pedazo de seis cuerdas y que se marchó a Yabucoa estando allí como unos seis años, quedándose en la finca su hermano José Vega, regresando Paulina Vega a la finca después de dicho período de tiempo, prueba que confirma la de los demandados en cuanto a la posesión por parte de Paulina Vega, y si atendemos al expediente de apremio que data del 21 de octubre de 1887, seguido contra Paulina Vega, si bien terminado en la forma que ya expresáramos, hay que convenir que la posesión de Paulina Vega a contar de dicha fecha, confirmada por la prueba de los demandados, comprende un período de tiempo alrededor de 40 años, tiempo más que suficiente para obtener el dominio por prescripción extraordinaria de 30 años, porque si bien se habla de actos de dominio realizados por el demandante Julio Gay en relación con el establecimiento de una escuela e instalación de una cochera, también el testigo del propio demandante Jesús Ma. Hernández nos dice que Julio Barbé vendió a Julio Gay la finca principal, lo que demuestra que alrededor de las seis cuerdas tenía Gay terreno, o sca, la finca principal, y no sabemos a ciencia cierta si la escuela y la cochera estaban en tales terrenos y no dentro de las seis cuerdas, las que fueron poseídas únicamente por Paulina Vega y hoy sus sucesores.

"En estas condiciones no nos es dable el poder decir que el dominio de las seis cuerdas objeto de esta acción pertenezca al demandante, dada las deficiencias que existen en su título de dominio ya referido y la posesión por más de 30 años que ha concurrido en Paulina Vega y sus causahabientes, los hoy demandados.

"Procede declarar sin lugar la demanda, sin especial condenación de costas."

Contra esta sentencia se ha interpuesto la presente apelación.

■■■ Se señalan dos errores. El primer señalamiento es:

"La Corte erró al no dar valor probatorio a la inscripción de la finca descrita en la demanda y hacer apreciaciones sobre la prueba del expediente de dominio que originó dicha inscripción."

Indudable que en la resolución del expediente de dominio que se presentó como prueba, hubo un error, o una confusión en cuanto al modo de adquirirse la finca de seis cuerdas. Verdaderamente, si la finca es la misma en su descripción, extensión o medida, colindancias, etc., no hay que dar a ese error la importancia extrema que se le ha querido dar, a los fines del argumento. Pero también es de concederse que si se ha presentado como prueba ese expediente, si se ha llevado ante el juzgador como un elemento para formar criterio, no se puede en buena lógica, impedir que el que juzga estudie y desentrañe el documento que se le ofrece. No se requiere del que administra justicia, que proceda por estricta aplicación de fórmulas más o menos acertadas, y sujetas a variación y substitución; la fórmula será necesaria, pero la lógica lo es más; y el que juzga no puede huir de la verdad para satisfacer un exagerado tecnicismo. El juez tiene ante sí el expediente, y tiene el derecho de examinar su contenido, si se le ha presentado en concepto de prueba.

Al tiempo de ser ofrecido como evidencia el expediente de dominio, caso civil número 809, seguido a nombre de Don Julio Gay del Santo, el abogado de la parte demandada se opuso a su admisión fundándose en que aparece que la corte no tiene jurisdicción para aprobar esa información en cuanto a Paulina Vega, porque aparece de la moción inicial que la finca de seis cuerdas fué adquirida por remate a Paulina Vega, y ella no fué citada en el expediente de dominio. Como base legal de su oposición, citó la parte el artículo 67 de la Ley de Evidencia, que faculta para tachar el auto ju-

dicial registrado por falta de jurisdicción en el tribunal que lo dictó. La objeción es básica, y la necesidad de que Paulina Vega, de quien procedía la finca, fuera citada, es indiscutible. Este tribunal tiene hecha, en el caso *Perrier* v. *del Rosario*, 20 D.P.R. 128, inequívoca declaración en cuanto a este particular:

"La citación del fiscal y de los anteriores dueños en un expediente de dominio son requisitos esenciales de acuerdo con el artículo 395 de la Ley Hipotecaria."

En la copia del expediente, no aparece que Paulina Vega fuera citada y tuviera la oportunidad de ser oída; y no puede ahora alegarse en su contra, ni hacer materia de prueba, en su contra, el expediente en que no tuvo ella representación, y al que no tuvo acceso legal.

Este solo extremo sería bastante para que el juez apartara de su mente la información de dominio de que se trata, y, en consecuencia, la inscripción por ella producida. En verdad que el juez no trató de ese particular, lo que no hace menos efectiva la existencia del defecto. El juez ha notado las contradicciones en que los testigos incurrieron en aquel expediente; mientras uno afirmó que Gay adquirió la finca de Eulalia Barbé, otro dijo que la adquirió en un remate, de Paulina Vega, otro que la adquirió en remate Félix Gay para Elías Barbé y éste la dejó en herencia a Eulalia Barbé, a quien la compró Julio Gay, y otro que Julio Gay la adquirió directamente en remate. Opinamos que la corte no tiene facultad para juzgar acerca de los motivos de otra resolución, a menos que se atacara directamente, pero si se le ha presentado como materia de prueba el expediente, sí tiene facultad para darle más o menos valor, o no darle ninguno cuando como en este caso, no aparece la jurisdicción de la corte, o aparece una prueba incapaz de convencer a nadie.

En el caso presente lo que encuentra la corte de distrito es una falta de prueba de cómo adquirió la finca Julio Gay, y aun de que la adquiriera. Hay las contradicciones que se señalan en la "opinión," que dejamos copiada, y hay, frente

a todo ello una prueba testifical que convence al juez de la posesión por parte de Paulina Vega, y luego los demandados, por un período de más de treinta años, como dueños de esa finca. Y el juez se halla en el caso de decidir acerca de la evidencia, y da crédito a la de los demandados, o cuando menos, confiesa que la parte demandante no ha probado que le pertenezcan en propiedad las seis cuerdas de terreno que reclama.

Una decisión de este tribunal, que tiene gran peso en la de la presente apelación, es la del caso *Elzaburu* v. *Chaves et al.,* 19 D.P.R. 172–190. Uno de los primeros párrafos de la opinión establece claramente el campo de acción y de contienda en estos casos.

"Ejercitándose como se ejercita en este pleito la acción reivindicatoria, incumbe al demandante probar en primer término que es el dueño legítimo de las tierras reclamadas, poseídas en la actualidad por los demandados."

Lo elemental en estos casos es, para el demandante, probar que es el dueño legítimo de lo que se reclama. Sin ello no hay acción reivindicatoria, ya que ésta es directa emanación del dominio, según la ley (Artículo 354, Código Civil).

En ese mismo caso se estudia el valor y la eficacia de ciertos expedientes, y las pruebas en ellos ofrecidas y practicadas. Y hay más; algún párrafo de la opinión se ajusta de admirable modo a lo que pudo haber ocurrido en el presente caso.

"Estudiada en su totalidad toda esa prueba, y en relación con la del mismo demandante, se concluye que el derecho de los demandados arranca por lo menos desde el año 1875 en que su causante compró a Santos Caneti, hijo de aquel Juan Caneti a quien el Síndico decía que podía haberla arrendado *o comprado* a la Sra. Otero. Los Caneti estuvieron siempre en posesión, no está claro si como legítimos dueños o no, pero es lo cierto que estuvieron en posesión desde antes de 1836 y los demandados están en posesión como dueños desde 1875, en 1895 la acreditaron judicialmente y en 1896 la inscribieron en el registro. Se dirá que su posesión fué interrumpida precisamente desde 1875 a virtud del embargo trabado, por el

Estado y después por los repetidos actos del propio Estado y del demandante, pero es lo cierto que jamás ni el primero con todo su poder, ni el segundo recurriendo a todos los medios legales, pudieron hacerlos desocupar la finca y que en este pleito, puesto a prueba el título del demandante, hemos llegado a la conclusión de que no es suficiente.''

Declaramos no existir el primer error señalado.

■ El segundo señalamiento de error es así:

''La corte erró al apreciar la prueba, y la sentencia es contraria a la misma.''

La doctrina constante de este tribunal es de no variar la apreciación de prueba hecha por el inferior, a menos de que aparezca tal apreciación como producto de manifiesto error o de influencia de pasión, prejuicio o parcialidad.

Examinada la evidencia en este caso, creemos que la corte de distrito llegó a una correcta conclusión respecto a ella. Quizá pudo ir más lejos, y hacer declaraciones más concretas; pero es evidente que no se sintió justificada para declarar que el demandante es el dueño de la finca que reclama, y sí que esta finca vino en posesión de Paulina Vega y sus herederos por más de treinta años, quieta, pacífica y públicamente, y en concepto de dueño. Y no vemos en tal apreciación el error que se señala.

*Debe confirmarse la sentencia apelada.*