RAMÓN PÉREZ CARRERAS, demandante y apelante, *v.*
RUBERT HNOS., INC., demandada y apelada.

Núm. 7894.—*Sometido:* Febrero 20, 1940. *Resuelto:* Abril 30, 1940.

*E. Martínez Avilés,* abogado del apelante; *Jaime Sifre, Jr.,* y *Antonio J. Matta,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este es un pleito sobre reivindicación de una parcela de terreno, fallado en contra del demandante.

El debate fué planteado en la demanda así: el demandante es dueño con su título inscrito en el Registro de una finca rústica de diez cuerdas de terreno situada en el barrio de Algarrobo del término municipal de Vega Baja, en lindes por el Norte y por el Oeste con la Sucesión de Ramón Pérez Fernández, por el Sur con la carretera pública número 2 y por el Este con la Sucesión de Ramón B. Portela.

De esa finca se apoderó la demandada desde hace cinco años so pretexto de que el demandante estaba poseyendo otro predio de la demandada de igual cabida.

El demandante está dispuesto a hacer entrega a la demandada de ese otro predio a base de que la demandada le entregue el que le pertenece, habiendo realizado a ese efecto múltiples gestiones cerca de la demandada negándose ésta una y otra vez.

Se pidió por la demandada la eliminación de aquella parte de la demanda que comienza con las palabras "so pretexto" y la corte la decretó por entender que las alegaciones indicadas no eran propias de una acción reivindicatoria. Se archivó por el demandante la consiguiente demanda enmendada limitándose a alegar que era dueño de la finca descrita que estaba poseída en la actualidad y desde hacía cinco años por la demandada sin título alguno para ello.

Después de desestimada una excepción previa que presentara, contestó la demandada negando que el demandante fuera dueño de la finca de que se trata y negando además "que exista o haya existido como cuestión de hecho" la dicha

finca. Negó que estuviera en posesión de la misma y que se hubiera negado a entregarla.

Como materia nueva alegó que es dueña en el barrio de Algarrobo de Vega Baja de un predio de terreno de cincuenta y seis cuerdas que colinda por el norte con Rubert Hnos., Inc., por el sur con la Carretera número dos, por el este con la Sucesión Portela, antes, hoy Rubert Hnos., Inc., y José Venegas, estando esta colindancia bifurcada por una faja de terreno de la Sucesión Portela que va desde la carretera hasta la vía del ferrocarril de la American Railroad Co. of P. R. que divide la parcela en dos, y por el oeste con F. Jiménez y el resto de la finca principal propiedad de doña Dolores Pérez viuda de Portela de la cual se segregó.

Que dicho predio se formó por segregación de una finca de setenta y dos cuerdas de la señora Pérez viuda de Portela y fué adquirido por compra hecha constar en escritura pública de febrero 21, 1930, inscrita en el Registro de la Propiedad el 19 de julio de 1930.

Que doña Dolores Pérez viuda de Portela instó información de dominio alegando ser dueña de una finca de diez cuerdas—su descripción coincide con la reclamada en el pleito—que resolvió favorablemente la corte de distrito en enero 20, 1930, inscribiéndose el dominio en el Registro de la Propiedad a favor de la promovente en octubre 17, 1930.

Que por escritura pública de febrero 27, 1930, doña Dolores Pérez viuda de Portela vendió al demandante el resto de la finca de setenta y dos cuerdas descrito como una finca de quince cuerdas y, además, la finca de diez cuerdas a que se refiere el expediente de dominio, inscribiendo el demandante su título en octubre 17, 1930.

Que tal como se describe en la demanda la finca reclamada "coincide en el ángulo de su colindancia sureste y en su colindancia sur y este con el ángulo sureste y las colindancias sur y este de la finca de 56 cuerdas con 50 céntimos, propiedad de la demandada."

Con esas alegaciones fué el pleito a juicio en marzo 20, 1938. La evidencia documental del demandante consistió en copia de la escritura de febrero 27, 1930, por virtud de la cual doña Dolores Pérez viuda de Portela le vendió una finca rústica de quince cuerdas y, además, otra de diez, ambas situadas en el barrio de Algarrobo de Vega Baja. Al describirse en ella la finca de diez cuerdas no se da la colindancia por el este. En copia de la resolución de enero 20, 1930, de la Corte de Distrito de San Juan declarando justificado el dominio de una finca de diez cuerdas radicada en el barrio de Algarrobo de Vega Baja a favor de doña Dolores Pérez viuda de Portela, con nota de haberse inscrito en el Registro de la Propiedad el 17 de octubre de 1930. La descripción de la finca es la misma que la de la reclamada en la demanda. Y en dos recibos del pago de las contribuciones de una finca de diez cuerdas en Algarrobo, Vega Baja, correspondientes a los dos semestres del año 1937–1938.

Y la testifical se limitó a la propia declaración del demandante. Dijo, en resumen:

Que era dueño de dos parcelas en Algarrobo, Vega Baja, una de diez cuerdas y otra de quince. La de diez la detenta la demandada. Colinda por el norte y el oeste con la Sucesión de Ramón Pérez Fernández, por el sur con la carretera y por el este con la Sucesión Portela.

Que la demandada compró cincuenta y seis cuerdas de una finca inscrita de setenta y dos de la Sucesión Pérez Fernández. ''En esa finca hay una parcela de diez cuerdas . . . que estaba sin documentación; después mi hermana hizo un expediente de dominio para traspasármela a mí.'' La parcela reclamada ''colinda por el sur con la que es hoy de Rubert Hermanos, que es parte de la finca de setenta y dos cuerdas.''

Gestionó la devolución. Envió sus escrituras a la demandada. Se ha entrevistado personalmente con sus representantes. Todo sin resultado.

La demandada ha pastado su ganado en la parcela e hizo obras en ella—una gallera, un pozo artesiano—que desbarató luego. Las contribuciones las paga el testigo desde hace cinco o seis años.

En repreguntas contestó al abogado de la demandada, así:

"Sr. Mata: P.—Don Ramón, ¿en qué forma lo despojó a usted de la posesión de esto Rubert Hermanos?

"T.—En la forma de que ellos se hicieron cargo de las cincuenta y seis (56) cuerdas que compraron antes que yo. Cuando ellos compraron, yo no habíame hecho cargo de este terreno todavía. Cuando yo fuí allí, vi que mi terreno, de acuerdo con las escrituras—las escrituras me las dieron un año después, después de un año. Se trataba que era hermana mía y esas escrituras las tenía el licenciado Fernández en su bufete.

"P.—¿Quién compró primero?

"T.—Me parece que Rubert Hermanos.

"P.—Si le digo que la escritura suya es de fecha 27 de febrero de 1930 y la de Rubert Hermanos es de 21 de febrero, ¿podría decir a la corte quién compró. . . .?

"T.—La de 27 de febrero es la mía.

"P.—Entonces Rubert Hermanos compró y estaba en esa finca antes de usted comprar. ¿Después de usted haber comprado lo han sacado de su terreno en algún momento?

"T.—Después de ellos haber comprado a mí no me han sacado de mi terreno.

"P.—¿Entonces usted está en posesión hoy día?

"T.—No me han sacado, pero esas diez (10) cuerdas. Cuando yo llegué allí ya Rubert Hermanos se había apoderado de las diez (10) cuerdas como parte de las cincuenta y seis (56) cuerdas y media de las setenta y dos (72) cuerdas.

    \*       \*       \*       \*       \*       \*

"P.—¿Usted está hoy en día exactamente en el mismo terreno que le entregaron a usted cuando compró?

"T.—Estoy en posesión de quince (15) cuerdas y media; las demás cuerdas están baldías.

    \*       \*       \*       \*       \*       \*

"P.—¿Es o no cierto que el señor Martínez Domínguez le ofreció a usted amistosamente que si usted con sus títulos le probaba

que era dueño de esa finca, como habiendo sido despojado de ella por Rubert Hermanos, se la entregaban y usted se negó?

"T.—Yo tenía que demandarlos para ellos entregarme; no quisieron arreglar nunca buenamente conmigo; yo tenía que acudir a los tribunales para yo poder obtener ese terreno.

"SR. MATA: Nada más."

Y continuó el interrogatorio:

"SR. MARTÍNEZ AVILÉS:

"P.—Testigo, usted dice a preguntas del compañero que a usted nunca lo han sacado de esa finca, ¿pero le han permitido disfrutar de esa finca Rubert Hermanos?

"T.—No, señor, no me han permitido disfrutar.

"P.—¿A pesar de haberla adquirido por escritura pública?

"T.—Sí, señor.

"SR. MARTÍNEZ AVILÉS: Nada más. . . . Ese es nuestro caso."

Presentó la demandada una moción de *nonsuit* que fué declarada sin lugar y entonces introdujo su evidencia.

Declaró el testigo Rafael Martínez Domínguez que es Tesorero y Administrador General de la corporación demandada, que había visto los planos que le presentó su abogado que le entregó cuando la compra de la finca don Carlos García representante de la vendedora. Los planos se marcaron para ser identificados.

Que el demandante estuvo a verlo no a raíz de la venta si que años después y le planteó la cuestión de la detentación de la finca. Que le contestó que él desconocía los hechos, que hiciera una investigación y le trajera las pruebas para estudiarlas y el demandante le mandó luego un croquis en un papelito y unas notas. Que compararon los datos y no pudieron concluir que el demandante tuviera razón. Que a su juicio estaban ellos en posesión de lo que realmente les pertenecía.

Ocurrió entonces lo que sigue:

"SR. MATA: Vamos a presentar la escritura de compraventa número 8, otorgada ante el Notario Luis Toro Cabañas, por doña Dolores Pérez viuda de Portela a favor de la corporación Rubert Hermanos.

"Sr. Martínez Avilés: ¿Para probar qué extremos?

"Sr. Mata: Nuestra teoría es de que aquí se trata de una doble venta y nosotros vamos a probar que fuimos compradores anteriores; que hemos poseído el inmueble comprado; y que por nosotros haber comprado primero y haber inscrito primero no puede presentarse reivindicación bajo esas circunstancias.

"Sr. Martínez Avilés: Nos oponemos a la admisión del documento, señor Juez, porque de acuerdo con la Ley Notarial, las escrituras deben estar firmadas, selladas y rubricadas por el notario que las autoriza y se desprende de esta certificación que la escritura no ha sido sellada, requisito indispensable.

"Sr. Mata: Esta es una copia.

"La Corte: Admitido el documento, márquese Demandado, *Exhibit* núm. 1.

"Sr. Martínez Avilés: Respetuosamente tomamos excepción."

Los otorgantes del documento lo fueron de una parte Doña Dolores Pérez viuda de Portela y de la otra Rubert Hermanos Incorporada.

La primera expuso que era dueña de la finca de setenta y dos cuerdas en Algarrobo, Vega Baja, en lindes por el norte con Tomás Prado, antes, hoy Rubert Hermanos, por el sur con Ramón Pérez Fernández, hoy Nicolás Pérez, y Carretera número dos, por el este R. Pérez Fernández, antes, hoy su Sucesión y José Venegas, estando bifurcada esta colindancia por una faja de terreno de la Sucesión Portela, y por el oeste Francisco Jiménez.

Expuso además que había convenido con la otra parte la venta de una porción de la finca. La porción se describe en la forma que ya, consignamos al resumir la materia nueva de la contestación. Seguidamente se llevó a efecto el convenio, siendo el precio de la venta la suma de nueve mil dólares. El documento se inscribió en el Registro de la Propiedad en cuanto a la venta en julio 31, 1930.

Acto seguido ofreció la demandada en evidencia una certificación expedida por el Registrador de la Propiedad de San Juan sobre inscripciones de la finca de setenta y dos cuerdas a los efectos de probar que "la finca que reclama

el demandante es el resto de una parcela de 72 cuerdas de la cual el demandado compró en fecha anterior 56.50 cuerdas.''

Y el demandante se opuso ''en primer lugar, porque en esta certificación se describen diversas fincas y que tiene anotaciones de embargo, de hipoteca; cosa que en caso de apelación vendría a llenar innecesariamente el récord del caso. Y porque lo que se pretende por la parte demandada es demostrar que se inscribió a su favor la finca de 56.50 cuerdas. No vemos la materialidad de este documento.''

El documento fué admitido y el demandante tomó excepción. Una de las notas marginales a la inscripción de las setenta y dos cuerdas, dice: ''Disgregada una parcela de 56.50 cuerdas, por venta a la corporación Rubert Hermanos . . . Julio 31, 1930.'' La inscripción sexta, fechada el 17 de octubre, 1930, lo es del resto de la finca de setenta y dos o sea quince cuerdas que la Sra. Viuda de Portela vendió al demandante. Las colindancias de las quince cuerdas son al norte, línea divisoria American Railroad Company, que la separa de la parcela vendida a Rubert Hermanos, Inc.; sur, Carretera insular número dos; este, más tierras de la viuda de Portela, y oeste, Francisco Jiménez. Al margen de la inscripción aparece anotado que la otra finca a que se refiere la escritura—la de diez cuerdas—se registró al folio 231 del tomo 20 de Vega Baja, finca 1318, inscripción primera.

Sigue la declaración de Celestino Castro, ingeniero civil, quien dijo que allá por el 1930, se le encomendó que fuera a la finca de cincuenta y seis cuerdas comprada por Rubert Hermanos, Inc., para ver si el terreno de que estaba en posesión la central era exactamente igual al plano. Hizo la mensura y notó que todos los puntos y ángulos coincidían exactamente con los planos.

Continúa su declaración, así:

''P.—Testigo, si yo le dijera que la parte demandante ha declarado que las colindancias de la finca comprada por ella son así: por el norte, sucesión de Ramón Pérez Fernández; sur, Carretera nú-

mero 2; este, sucesión de Ramón B. Portela y por el oeste, Ramón Pérez Fernández. Tomando en cuenta esas colindancias de la parcela comprada por Rubert Hermanos a doña Dolores Pérez viuda de Portela ¿puede decirle a la corte si es o no cierto que de acuerdo con esas colindancias, la parcela del demandante coincide con la parcela comprada por la demandada en sus colindancias este y sur?

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"T.—Las colindancias éstas que se han leído son exactamente iguales que la finca de la Central San Vicente. Exactamente iguales.

"P.—¿Hoy día ha vuelto a examinar esa finca?

"T.—Sí, señor.

"P.—¿Está o no poseído por Rubert Hermanos el mismo terreno con las colindancias, según usted las examinó, en el 1930?

"T.—Está exactamente igual. Está cercado todo de alambres, todo tiene alambres."

Llamado José Isasa, Jefe de Cultivo de la Central San Vicente, dijo que recuerda que cuando la compra de las cincuenta y seis cuerdas don Rafael Martínez, don Carlos García, yerno y apoderado de la viuda de Portela, y el testigo, fueron un domingo y voltearon la finca. A los pocos días lo citaron para hacerle entrega de ella por sus puntos e inmediatamente construyó una cerca, siendo ésa la finca que en la actualidad posee la demandada. Cuando estaba construyendo la cerca, el demandante estuvo por allí y no hizo objeción. Su reclamación en relación con diez cuerdas fué posterior. De eso hacía como dos años.

Así quedó el caso sometido a la consideración y resolución de la corte que, como ya dijimos, lo decidió en contra del demandante. En su relación del caso y opinión se refiere a las alegaciones, luego a la prueba, deteniéndose en la declaración del demandante que interpreta como sigue:

"Admite el demandante que la demandada adquirió las cincuentiséis (56) cuerdas y media de la finca, inscrita, de sententidós (72) cuerdas; y que él adquirió las restantes quince (15) cuerdas y media. Así aparece también del Registro. Ambas parcelas constituyen la finca principal en su totalidad. Conviene en que la finca de los Rubert Hnos. es parte de la finca de setentidós (72) cuerdas. Pero

dice que 'en esa finca (de 72 cuerdas) hay una parcela de diez (10) cuerdas y céntimos que estaba sin documentación (título)'.

"Nos dice así el demandante que la parcela de diez (10) cuerdas y dieciséis (16) céntimos está en la finca de setentidós (72) cuerdas. La ubica, pues, dentro de la finca principal. No es posible. Si, como admite, la demandada está en posesión de cincuentiséis (56) cuerdas y media y el propio demandante en la de quince cuerdas y media, que suman las setentidós (72), la parcela de diez (10) cuerdas no puede físicamente estar comprendida dentro de la porción de la demandada. Si lo estuviera, se trataría entonces de una doble venta; y, en ese caso, resulta que la demandada adquirió e inscribió su título antes que el actor, por lo que es de aplicación el artículo 1362 del Código Civil. Véase *Abella* v. *Antuñano*, 14 D.P.R. 498 y *Díaz* v. *Ramos*, 51 D.P.R. 822; 10 Manresa 175; 23 Scaevola 526."

Y concluye:

"No creemos que con esta prueba pueda declararse con lugar la demanda. En una acción reivindicatoria el actor debe acreditar cumplidamente su caso, siéndole aplicable la máxima *Actore non probante, reus est absolvendi*. Véase *Ledesma* v. *González*, 1 S. T. S. 420."

Registrada la sentencia en abril 26, 1938, el demandante pidió su reconsideración, basándose en que la corte había dado a su declaración en el juicio un alcance que no tenía. Negóse la corte por orden de mayo 10, 1938, y el demandante apeló de la sentencia en mayo 24, 1938.

En 7 de junio siguiente el demandante presentó a la corte del distrito una larga moción de nuevo juicio, acompañada de varias declaraciones juradas y de un pliego de exposición del caso contentivo de las alegaciones y las pruebas. Fundó su moción en tres motivos, a saber: 1, irregularidad en el procedimiento de la parte contraria; 2, accidente o sorpresa que la ordinaria prudencia del demandante no pudo prevenir; y 3, insuficiencia de la prueba para justificar la sentencia, siendo ésta, además, contraria a la ley y a la jurisprudencia. El 17 de octubre, 1938, la moción fué declarada sin lugar, declarándose también sin lugar la reconsideración solicitada, y el 24 del mismo mes apeló el demandante para ante este tribunal.

Ambas apelaciones, la de la sentencia y la negativa del nuevo juicio, se han tramitado conjuntamente.

En su alegato señala el apelante cuatro errores que son dos cometidos al apreciar la prueba y aplicar la ley declarando la demanda sin lugar, al negarse a reconsiderar su sentencia y al negar el nuevo juicio y la reconsideración de su resolución.

■■ Quizá tenga razón el demandante. Quizá la clave para la resolución de este pleito se encuentre en la parte de la demanda cuya eliminación fué decretada. Pero es lo cierto que de un estudio cuidadoso de las alegaciones y las pruebas sólo cabe concluir que no probó que la demandada estuviera detentando tierras que a él pertenecieran.

Fué él el que inició la acción. Era a él al que correspondía probar la existencia de su derecho. La demandada alegó y probó que estaba en posesión de la finca que comprara a la misma persona de quien deriva su título el demandante. Cincuenta y seis cuerdas compró y de cincuenta y seis cuerdas se le puso en posesión. Las cercó y las ha venido poseyendo desde entonces. Sus colindancias sobre el terreno coinciden con las de su título. Su contestación a la demanda es clara y específica. La materia nueva en ella alegada, amplia. No planteó el problema jurídico en forma tal que pudiera considerarse como una irregularidad que desviara al demandante y lo hiciera perder su caso. Tal vez en el juicio el hábil interrogatorio del abogado de la demandada confundió al demandante. Pero éste en ningún momento se explicó con la claridad debida y tuvo plena oportunidad para hacerlo. Al contrario, su declaración es susceptible de ser apreciada como la apreció la corte sentenciadora. Y si la porción por él reclamada estaba incluída en la vendida anteriormente por la misma persona a la demandada y por ésta inscrita también con anterioridad, de buena fe, en el registro, surge inevitablemente el caso de la doble venta favorable, de acuerdo con la ley y la jurisprudencia, a la demandada, a que se refirió la corte de distrito, sin que pueda alegarse

con éxito la sorpresa por parte del demandante en el grado exigido por la ley y la jurisprudencia para la concesión de un nuevo juicio.

Con respecto al título de dominio independiente de las diez cuerdas que alegó, el demandante se limitó a presentar la resolución final de la corte de distrito en el expediente tramitado ante ella. No produjo el expediente mismo que quizá pudo aportar alguna luz. No llevó a declarar testigos ni peritos que localizaran la finca en sitio separado, independiente, de la finca de setenta y dos cuerdas de su causante, que según el apelante se vendió por dicha causante en dos porciones, una de cincuenta y seis a la demandada y otra de quince al propio demandante.

En resumen diremos que hablando por sí mismos los títulos presentados no son suficientes para dictar la sentencia que pide el apelante. Y si a ello se añade la confusión creada por la declaración del propio demandante en el juicio, se comprenderá que no pudo ser otra que la dictada la sentencia que debió pronunciarse en el caso.

*En tal virtud, no habiendo probado el demandante que la demandada detente las tierras que reclama, debe declararse el recurso sin lugar y confirmarse la sentencia y la resolución apeladas.*