Josefa Jiménez, demandante y apelante, *v.* Carmelo J. Colón, Rafael Colón y Francisco Vergara, demandados y apelados.

Núm. 8742.—*Sometido:* Diciembre 9, 1943. *Resuelto:* Enero 31, 1944.

*E. Pérez Calsaduc,* abogado de la apelante; *Luis Mercader,* abogado de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En un pleito anterior el aquí coapelado Carmelo J. Colón demandó a la apelante Josefa Jiménez y a su hijo Julio Feliciano y para asegurar la efectividad de la sentencia embargó bienes de dichos demandados, previa la prestación de la correspondiente fianza. El caso fué fallado en contra del demandante y desestimado por esta corte. *Colón* v. *Feliciano,* 56 D.P.R. 200.

Inició entonces Josefa Jiménez una acción en contra de Colón y sus fiadores alegando que con motivo del embargo en el caso anterior había sufrido daños y perjuicios que valoró en $625 y que detalló en la alegación sexta de su demanda en esta forma: "$125 que tuvo que pagar y pagó la demandante Josefa Jiménez para obtener el consentimiento del demandado Carmelo J. Colón a que se ordenase por esta corte la cancelación del embargo sobre parte de la finca 'A' a fin de poderla enajenar; $500 en que se calcula la depreciación de la finca vendida por la demandante Josefa Jiménez por virtud del embargo que sobre la misma se practicó, depreciación que conoce la demandante porque con anterioridad al embargo había recibido ofertas de compra por mayor cantidad de aquélla en que fueron vendidas las fincas después de practicado el embargo, sin que mediara ninguna otra circunstancia que pudiera ocasionar una depreciación."

Los demandados negaron los daños ocasionados y celebrado el juicio y presentada prueba por ambas partes la corte inferior dictó sentencia desestimando la demanda con costas. La demandante interpuso el presente recurso y alega que la corte sentenciadora erró "al permitir que interviniese en su consideración de los hechos de este caso, el juicio por él (sic) formado respecto a la demandante apelante, basado dicho juicio en actos que ella nunca realizó y de la responsabilidad de los cuales quedó plena y totalmente exonerada por el mismo Hon. Ricardo Agraít Aldea y por esta Hon. Corte", y al considerar, con prejuicio y pasión, la evidencia aportada por la demandante y concluir como concluyó que la misma "no sería suficiente para declarar con lugar la demanda."

■■ El primer señalamiento se basa en ciertos comentarios que hace el juez en su opinión al referirse a la forma en que él resolvió el caso anterior y a la sentencia de esta Corte Suprema desestimando el recurso, para concluir diciendo que dicho caso fué resuelto por una cuestión técnica.

Consideramos que dichos comentarios eran innecesarios a la resolución del presente caso en su fondo pero eso no implica que constituyan error que conlleve la revocación de la sentencia. Es bien sabido que el recurso de apelación se da contra la sentencia y no contra los fundamentos que el juez haga constar en su opinión. *Borrero* v. *Ubarri,* 33 D.P.R. 344; *Totti* v. *Fernández,* 40 D.P.R. 636; *Jackson Brewing Co.* v. *José B. López, Sucrs.,* 51 D.P.R. 719; *Reyes* v. *Aponte,* 60 D.P.R. 890.

El segundo error, en su primer aspecto, no se cometió, pues nada hay en el récord que indique que el juez apreció la prueba con prejuicio y pasión, según sostiene la apelante. Hemos leído la transcripción de evidencia y estamos de acuerdo con la conclusión a que llegó la corte sentenciadora al efecto de que la demandante no probó la alegación sexta de su demanda, supra, en cuanto a la depreciación en el valor de la finca vendida.

Esto no obstante, somos de opinión, que la corte erró al resolver que por el hecho de que no se hubieran probado los $500 de la depreciación de la finca alegados en la demanda ''entonces tampoco había derecho a acogerse a la jurisdicción de esta Corte'' para reclamar los $125 que la demandante alegó—y la corte consideró que había probado—que pagó al Lic. Mercader, abogado de Carmelo J. Colón, para obtener que se levantara el embargo trabado.

El hecho de que no se probaran los daños en la cuantía total reclamada de $625 y sí únicamente en cuanto a $125 no tuvo el efecto de despojar a la corte de jurisdicción. En casos de esta naturaleza ''la cuantía expuesta en la demanda es la que da jurisdicción a la corte, aun cuando, por la prueba, luego se rebaje a una suma inferior a la jurisdiccional,'' dijimos en el caso de *Donato* v. *Cruz,* 59 D.P.R. 534, 538, y citamos las autoridades correspondientes.

La corte inferior consideró probado el hecho de que la apelante, demandada en el pleito anterior, pagó $125 al

Lic. Mercader para obtener que se levantara el embargo sobre su casa, pero dice en su opinión que ''al pedir ella a la otra parte que levantara el embargo sobre la finca de su propiedad, para poder hacer el negocio referido (*sin hacer ninguna salvedad*) estaba implícitamente accediendo a que cesara la responsabilidad de los fiadores . . .''. Esto es un error por dos motivos: 1. La prueba demostró que al notificarse al abogado de la demandante la moción presentada por el Lic. Mercader solicitando se levantara el embargo en el caso anterior expresamente hizo constar al calce de dicha moción lo siguiente:

''Notificado y conforme con la solicitud, *sin renunciar al derecho a reclamar cualquier perjuicio por embargo hasta este día.*'' (Bastardillas nuestras.)

2. Pero es que asumiendo que no se hubiera hecho salvedad alguna, aun así la apelante tenía una causa de acción por los daños sufridos con motivo del embargo a menos que hubiera renunciado a ellos expresamente.

Habiéndose probado que la apelante tuvo que pagar $125 para obtener que se levantara el embargo y además que ella no renunció al derecho a reclamar cualquier perjuicio ocasionádole por dicho embargo, somos de opinión que, en su segundo aspecto, el segundo error fué cometido y en su consecuencia *procede revocar la sentencia apelada y dictar otra declarando con lugar la demanda y condenando a los demandados a pagar a la demandante $125 más las costas.*