RAFAEL ROMÁN LÓPEZ, demandante y apelante, *v.* MINERVA FIGUEROA GARCÍA, ETC., ET AL., demandados y apelados.

Núm. 10522.—*Sometido:* Agosto 26, 1952. *Resuelto:* Octubre 6, 1952.

*H. Ramos Mimoso*, abogado del apelante; *E. Pérez Casalduc*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Sobre "Reivindicación, Accesión y Daños y Perjuicios" Rafael Román López inició ante la extinta Corte de Distrito de Arecibo en 17 de mayo de 1948 demanda contra Minerva Figueroa García, su esposo Ramón Abréu y los menores hijos de éstos. En su primera causa de acción alegó en síntesis que él y los demandados son dueños de fincas contiguas; que desde hace más de un año éstos procedieron a construir un garaje de cemento armado, extendiendo el mismo fuera de las colindancias de su predio e invadiendo su finca en una faja de terreno de forma rectangular, contra su voluntad expresa; que los demandados sin derecho ni título alguno dedican y retienen la posesión material de la citada faja, de mala fe y a sabiendas de que edificaban en suelo ajeno; y que tomando en consideración que esa faja descuadra por completo su solar, la misma tiene un valor aproximado de $600. En la segunda reprodujo las alegaciones de la primera y adujo "que debido únicamente a la acción de los demandados al negarse a retirar lo edificado sobre la citada faja de terreno y negarse a devolverle la libre posesión de la misma, el demandante ha sufrido daños y perjuicios que ascienden a la suma de $2,000, de lo cual no ha sido compensado ni en todo ni en parte, por los demandados ni por cualquier otra persona." [1] Visto el caso en sus méritos el tribunal a quo dictó sentencia declarándose "sin jurisdicción en este caso, y en su consecuencia . . . sin lugar la demanda, con imposición de costas al demandante y la suma de $300 para honorarios de abogado." Solicitada reconsideración oportunamente, el tribunal dictó una resolución que copiada textualmente dice así:

"El demandante radicó moción de reconsideración de la sentencia dictada en este caso, basándola principalmente en que el demandante ejercita además de la acción reivindicatoria, la de

---

[1] Aunque la demanda está titulada en la forma indicada, la misma no contiene alegación alguna sobre accesión.

daños y perjuicios, reclamándose por éstos $2,000 y que aunque el predio de terreno objeto de la acción reivindicatoria tenga un valor menor de $500, para que la Corte de Distrito tenga jurisdicción basta la reclamación de daños y perjuicios para subsanar este defecto y dar jurisdicción a la corte sobre el caso. Prescindiendo de la interpretación que la parte demandante da a la jurisprudencia del Tribunal Supremo en relación con la cuantía de los daños y perjuicios reclamados, es un hecho evidente que en el presente caso no ha habido evidencia alguna que pueda servir de base a este tribunal para conceder al demandante una suma determinada de daños y perjuicios.

"En cuanto a la alegación de que el demandante sufrió daños al disolverse un negocio de venta que tenía de la finca objeto de la presente acción, no se ha presentado evidencia para determinar los daños sufridos, o sea el valor en que estipulaban la venta y el en que se vió obligado a vender la finca, por tanto se declara sin lugar la reconsideración."

En apelación el demandante sostiene que el tribunal sentenciador erró: (1) al declararse sin jurisdicción para entender en el caso; y (2) al imponerle el pago de honorarios y fijar éstos en una suma exorbitante y desproporcionada.

▬▬ Para la época en que se instó la demanda en este caso las antiguas cortes de distrito sólo podían conocer de casos en que el valor de la cosa en controversia excedía de $500.(²) Aunque el demandante admite que el valor de la faja en disputa no llega a esa suma y que de tratarse tan sólo de una acción reivindicatoria dicho tribunal no habría tenido jurisdicción para conocer del caso insiste, sin embargo, en que como se alega específicamente en la demanda que con motivo de la actuación de los demandados el demandante ha sufrido daños y perjuicios montantes a $2,000, fué de todos modos un error de parte del tribunal a quo declararse sin jurisdicción.

Cierto era que en acciones reivindicatorias la jurisdicción del tribunal dependía no del alegado valor de la propie-

---

(²) La situación ha variado, primero a virtud del artículo 28 de la Ley 432 de 1950 ((1) pág. 1127) y más tarde de conformidad con el inciso 5 de la sección 13 de la Ley 11 de 24 de julio de 1952.

dad, sino del fijádole por el tribunal al dictar su sentencia. *Donato* v. *Cruz*, 59 D.P.R. 534. Mas en acciones ordinarias la cuantía reclamada en la demanda y no el monto de la sentencia era lo que determinaba si la corte podía conocer o no de una causa. *Cerra* v. *Motta*, 70 D.P.R. 861; *Branizar* v. *Méndez*, 68 D.P.R. 809; *Benítez* v. *Benítez*, 64 D.P.R. 756; *Jiménez* v. *Colón*, 62 D.P.R. 907; *Nazario* v. *Muñiz*, 54 D.P.R. 51; *Horace Waters & Co.* v. *Portilla*, 42 D.P.R. 950; *P..Millón & Co., Sucrs.* v. *Caamaño*, 38 D.P.R. 193. En su consecuencia, reclamándose en la demanda daños y perjuicios por la suma de $2,000 la corte claramente tenía jurisdicción para conocer del caso, a pesar de que concluyera que tal reclamación no procedía. Ello es así, aunque no pudiera conocer aisladamente de la acción reivindicatoria, ya que ambas causas de acción han sido acumuladas.

■ Empero, leyendo conjuntamente "la opinión y sentencia" y la "resolución" dictada en reconsideración, no tenemos la menor duda de que lo que el tribunal sentenciador hizo no fué fundamentalmente declararse sin jurisdicción, sino por el contrario asumirla y, al así hacerlo, desestimar la demanda. Veamos: En el párrafo noveno de la opinión manifiesta el tribunal que "en el presente caso el demandante dejó de probar que la faja de terreno cuya reivindicación reclama tenga un valor mayor de $500." En el párrafo décimo de la misma indica que "la alegación en el hecho noveno de la demanda de que . . . dicha faja tiene un valor aproximadamente de $600, ha quedado sin probar." Y en el párrafo duodécimo que "los daños y perjuicios en la suma de $2,000 alegados en la segunda causa de acción no están sostenidos por evidencia alguna en absoluto. Es decir, no se probó su existencia real y positiva, . . .". Finaliza la opinión expresando que "por las razones expuestas el tribunal se ve obligado a declararse sin jurisdicción en este caso, y en su consecuencia, a declarar sin lugar la demanda, con imposición de costas al demandante y la suma de $300 para honorarios de abogado." Por otra parte, en la resolución

dictada en reconsideración, como se ha visto, manifiesta que ". . . no se ha presentado evidencia para determinar los daños sufridos, o sea el valor en que estipulaban la venta y el en que se vió obligado a vender la finca." Todo ello nos hace concluir que en realidad el caso quedó resuelto en sus méritos aunque, como veremos, no en su totalidad. Fué, en su consecuencia, un error del tribunal inferior manifestar que se veía obligado a declararse sin jurisdicción en el caso. Si su propósito era meramente declararse sin jurisdicción, no debió resolver el caso en sus méritos. Para aquel entonces cuando un tribunal llegaba a la conclusión de que carecía de jurisdicción para conocer de un caso su actuación debía limitarse a así declararlo, sin entrar en los méritos del mismo. *Autoridad Sobre Hogares* v. *Sagastivelza*, 71 D.P.R. 436 y casos citados a la pág. 439.(³) Ese error, sin embargo, no debe dar lugar a la revocación ya que el tribunal conoció del caso y resolvió el mismo en sus méritos. *Ex parte Montalvo*, 70 D.P.R. 462, 468.

■ Sea ello como fuere, toda vez que al conocer del caso el tribunal a quo nada resolvió sobre la reivindicación alegada en la primera causa de acción de la demanda, nos vemos obligados a revocar la sentencia apelada y a devolver el mismo a fin de que dicho tribunal determine si de acuerdo con la prueba que tuvo ante sí procede o no la reivin-

---

(³) Nos expresamos en esa forma porque la cuestión de jurisdicción hoy en día ha sido obviada por la sección 10 de la Ley 11 de 24 de julio de 1952, que provee:

"El Tribunal de Primera Instancia es un tribunal de jurisdicción original general, con autoridad para actuar a nombre y por la autoridad del Estado Libre Asociado de Puerto Rico, en todo procedimiento civil o criminal, según más adelante se dispone. Toda acción civil o criminal se presentará en aquella sala del Tribunal situada en el territorio en que la misma hubiese sido radicada bajo la legislación en vigor hasta el presente, pero no se desestimará ningún caso fundado en haberse sometido a una sección sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello. Todo caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y la anuencia del juez que presida dicha sala en ese momento, o, de no ser así oído, será transferido por orden del juez a la sección o sala correspondiente, de conformidad con las reglas que el Tribunal Supremo adoptare."

dicación de la faja en controversia(⁴) y, por ende, como secuela de esa acción principal los daños reclamados en la segunda causa de acción.(⁵)

Dada la conclusión anterior, es innecesario considerar el segundo error señalado.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal inferior para ulteriores procedimientos consistentes con esta opinión.*

El Juez Presidente Señor Todd, Jr., no intervino.

(⁴) Véanse *Pérez v. Rubert Hnos., Inc.,* 56 D.P.R. 636; *Travieso v. McCormick,* 54 D.P.R. 328; *Monje v. Osorio,* 42 D.P.R. 146; *Gay v. Vega,* 39 D.P.R. 647; *Amy v. Amy,* 15 D.P.R. 415; *Verges et al. v. Pietry et al.,* 9 D.P.R. 20.

(⁵) Véase *Rosso v. Rosso,* 23 D.P.R. 131.